314 So.2d 601 (1975)
Shirley Ann DeLAUNE, As Next Friend, Natural Guardian and Mother of Paul L. DeLaune, Jr., a Minor, and Shirley Ann DeLaune, the Executrix of the Estate of Paul L. DeLaune, Sr., Deceased, Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellee.
No. 74-45.
District Court of Appeal of Florida, Fourth District.
May 30, 1975.
Rehearing Denied July 14, 1975.
Larry Klein of Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellants.
Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant Paul DeLaune, Jr., was involved in an accident with appellee's insured, Wesley Tyre. The suit which arose therefrom resulted in a verdict for appellants in the sum of $360,000. Tyre had a $10,000-$20,000 limit liability policy issued by the appellee, Liberty Mutual Insurance Company.
Appellants then brought suit against appellee in two counts, one based upon bad faith in failing to settle the original personal injury suit, the other based upon negligence in failing to settle the claim. The appellants suffered an involuntary dismissal of the count based upon negligence, *602 and the jury returned a verdict for appellee on the bad faith count. Appellants contend error was committed in the court's dismissal of the negligence count and in the court's failure to instruct the jury that negligent conduct could be considered in determining bad faith.
The motor vehicle collision which is the ultimate source of the present suit happened December 27, 1971. Appellants filed their personal injury suit against appellee's insured approximately one month later. On February 7, 1972, appellee delivered the suit papers and its file to its lawyers, who immediately entered upon the defense thereof in the usual fashion by filing various defensive pleadings and by attempting to contact Tyre, appellee's insured.
Eight days after receiving the file defense counsel received a letter from plaintiffs' counsel offering to settle the personal injury case for $10,000. The letter placed a ten day time limitation upon the acceptance of the offer. Enclosed in said letter was an affidavit from a neurosurgeon stating that the injuries of Paul DeLaune, Jr., would totally disable him for the rest of his life. The evidence shows defense counsel, the company's adjuster, and the company's claims examiner, were all involved in assembling the facts necessary to make a reasonable evaluation of the case. On February 18, 1972, appellee's local adjuster put a memo in his case file stating that he had located the injured plaintiff at a local hospital and had found his medical expenses were already $4200; that liability seemed "highly probable"; and that in view of the assertion of total disability perhaps they should notify the insured of a possible excess exposure and "dump this case as policy limits are only $10,000... ." Appellee's home office claims examiner in Boston first received a call from the local adjuster on February 23, 1972. At that point the home office file as yet had no information in it.
On Friday afternoon, February 25, 1972, (the last day of the ten day period) defense counsel called the office of plaintiffs' counsel and in the latter's absence advised the latter's secretary that he did not yet have authority to accept plaintiffs' offer but that he anticipated he would have such authority by the following Monday. Plaintiffs' counsel returned to his office later that afternoon and called defense counsel's office and in the latter's absence informed the latter's secretary that no extension of the ten day period would be granted since February 25th was the last day for accepting the offer.
The following Monday, February 28th, the home office claims examiner received a telephone report from the local adjuster and authorized payment of the policy limits. Defense counsel thereupon attempted to settle the case for $10,000, but plaintiffs' counsel refused the offer. As indicated above, the personal injury suit went to trial some ten months later and resulted in a verdict for $360,000 for the plaintiffs.
In the trial of the present case the court charged the jury on bad faith, explaining that in determining the presence of bad faith it was not necessary to show actual intent to mislead and that bad faith is not the equivalent of fraud. The court refused to give several of appellants' requested instructions to the effect that the negligence of the appellee could be considered in deciding whether appellee was guilty of bad faith. A study of the relevant cases, their rationale, and their language persuades us that evidence of negligence may be considered by the jury in determining bad faith, as appellants urge. Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852 (1938); Campbell v. Government Employees Ins. Co., Fla. 1974, 306 So.2d 525. Thus, had there been any evidence of negligent conduct on appellee's part the requested instructions would have been proper. However, the evidence fails to prove any negligence, much less negligence *603 rising to the level of bad faith. The accident happened December 27, 1971. In less than a month suit was filed. Defense counsel received the file to defend eleven days later. Eight days after that plaintiffs' counsel offered to settle for the policy limits but limited the time for acceptance to ten days. It is the latter aspect of the offer which we find totally unreasonable under these circumstances. In view of the short space of time between the accident and the institution of suit, the provision of the offer to settle limiting acceptance to ten days made it virtually impossible to make an intelligent acceptance. Nor does the enclosure of an affidavit from a doctor stating that the injured plaintiff would be totally disabled warrant a different conclusion. Since when does one party to a lawsuit have to accept at face value the medical information furnished by the other party without even any inquiry? The evidence here shows that appellee, its adjusters, and its counsel proceeded with all due haste to determine and evaluate their position, and they almost made plaintiffs' unreasonable deadline. It should be noted that the personal injury case went to trial ten months after the deadline, so the time limitation was not invoked because the trial was imminent. Finally, to demonstrate that this whole charade might have been a "set up" for just such a suit as we are considering (as argued by appellee) when Monday came, after the Friday deadline, and the home office authorized settlement, plaintiffs' counsel refused it.
With reference to Count II of the complaint, the Supreme Court has unmistakably aligned Florida with those courts holding that the standard for determining the liability of an insurance carrier in an excess judgment case is bad faith rather than negligence. Auto Mutual Indemnity Co. v. Shaw, supra; Campbell v. Government Employees Ins. Co., supra. Thus, while evidence of negligence may be considered by the jury as it may bear on the question of bad faith, a cause of action based solely on negligence which does not rise to the level of bad faith does not lie. Accordingly, the dismissal of Count II was correct.
For the foregoing reasons, the judgment in favor of appellee is affirmed.
OWEN, C.J., and LEE, THOMAS, Associate Judge, concur.