344 So.2d 862 (1977)
Albert E. SALTMARSH and Jane E. Saltmarsh, His Wife, Appellants,
v.
DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE, a Corporation, Appellee.
No. 75-1822.
District Court of Appeal of Florida, Third District.
February 1, 1977.
Rehearing Denied May 2, 1977.
Harris, Albury & Morgan and James T. Hendrick, Key West, for appellants.
Fowler, White, Burnett, Hurley, Banick & Knight and Fred R. Ober, Miami, Feldman, Eden & Allen and Jeff D. Gautier, Key West, for appellee.
Before HENDRY, C.J., and BARKDULL and HAVERFIELD, JJ.
PER CURIAM.
Plaintiffs appeal an order granting defendant insurer's motion to strike the prayers for punitive damages and emotional distress contained in their complaint.
Plaintiffs, Albert & Jane Saltmarsh, purchased automobile liability insurance from the defendant, Detroit Automobile Inter-Insurance Exchange, on May 10, 1971. The policy was automatically renewed from year to year. At the end of May 1973 plaintiffs received from Detroit a notice retroactively cancelling their insurance policy as of May 10, 1973. On June 2 Jane was involved in a serious automobile accident. She reported the accident to Detroit and applied for benefits under the PIP and collision provisions of the policy. Detroit denied coverage and plaintiffs filed a complaint seeking the benefits due under their policy. In addition, the complaint contained prayers for damages for mental pain and suffering and punitive damages arising out of Detroit's conduct in cancelling the policy and willfully and wantonly denying benefits to plaintiffs without regard for their rights. Detroit admitted in its answer that the cancellation was unlawful and that full benefits were due and payable, but denied liability for mental pain and suffering. Thereafter, Detroit filed a motion to strike the prayers for mental suffering and *863 punitive damages. After hearing argument, the trial judge found as a matter of law that a cause of action does not exist under Florida law for a claim for punitive damages, emotional distress and/or mental pain and anguish arising out of the manner in which a first party insurance contract is breached in the absence of a battery. The motion was granted and plaintiffs appeal.
Butchikas v. Travelers Indemnity Company, 343 So.2d 816 (Fla. 1976) is dispositive of the issues raised in this appeal.
As to the claim for punitive damages, Butchikas holds that to be entitled thereto, the case must be of the class involving deliberate, overt and dishonest dealing on the part of the insurer. The instant case does not fall within this category and, therefore, plaintiffs are not entitled to recover punitive damages.
With respect to plaintiffs' prayer for damages for mental distress, the rule in Florida has been that, absent a physical injury, a plaintiff can recover damages for mental anguish only where it is shown the defendant acted with such malice that punitive damages would be justified. Crane v. Loftin, 70 So.2d 574 (Fla. 1954); Butchikas, supra. Plaintiffs cannot recover punitive damages and, therefore, they are precluded from prevailing on their claim for damages for mental anguish.
Affirmed.