447 So.2d 323 (1984)
KENT INSURANCE COMPANY, Appellant/Cross Appellee,
v.
Redha HASSAN, M.D., D/B/a Beirut Restaurant, Appellee/Cross Appellant.
No. 82-2084.
District Court of Appeal of Florida, Fourth District.
February 22, 1984.
Rehearing Denied April 5, 1984.
Michael B. Davis of Walton Lantaff, Schroeder & Carson, West Palm Beach, and George W. Chesrow, Miami, for appellant/cross appellee.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellee/cross appellant.
PER CURIAM.
The judgment predicated on a jury verdict which awarded "punitive" damages for appellee's first party bad faith claim is reversed on the authority of Industrial Fire & Casualty Insurance Co. v. Romer, *324 432 So.2d 66 (Fla. 4th DCA 1983). In Romer, Judge Letts, writing for the court, expressly noted that Florida law does not permit first party claims of bad faith by an insured against an insurer. Accordingly, the appellant's motions challenging this cause of action before, during, and after trial should have been granted. Romer, of course, was decided after the trial of this case, but relied on case law in existence for some time. A contrary view is expressed in Escambia Treating Co. v. Aetna Casualty & Surety Co., 421 F. Supp. 1367 (N.D. Fla. 1976), a case relied on by appellee in the court below and a case expressly rejected in Romer. We reject appellee's claim that he alleged and proved an independent tort sufficient to justify the imposition of the punitive damages awarded below. We also reverse the jury award for damages for alleged loss of profits on the authority of Cora Pub, Inc. v. Continental Casualty Co., 619 F.2d 482 (5th Cir.1980). Because we are reversing the punitive damages and loss of profits awards, we also must reverse and remand the cause for a redetermination of the claim for attorney's fees by the appellee, since any such award must be predicated solely on the breach of contract claim and damages awarded therefor. We find no merit in the issues raised on cross appeal.
In summary, we reverse the awards for punitive damages and loss of profits, affirm the other breach of contract awards, and reverse the award for attorney's fees with directions that further proceedings be conducted to determine a proper award of fees.
ANSTEAD, C.J., and BERANEK and WALDEN, JJ., concur.