511 So.2d 601 (1987)
HARTFORD ACCIDENT & INDEMNITY COMPANY, a Foreign Corporation, the Hartford Insurance Company of the Southeast, a Florida Corporation, Appellants,
v.
Benny MATHIS, Appellee.
Nos. 85-2227, 4-86-0495.
District Court of Appeal of Florida, Fourth District.
May 27, 1987.
Stay Denied, Rehearing and Certification Denied September 1, 1987.
Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellants.
*602 Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and Richard W. Slawson of Slawson & Burman, North Palm Beach, for appellee.
FEDER, RICHARD Y., Associate Judge.
This is an appeal following a verdict in favor of an insured on a bad faith claim wherein the jury assessed compensatory damages of $2,941,698.47 and punitive damages of $1,500,000. Although a full recitation of the facts of this seven day trial is not necessary, certain facts are appropriate.
First of all, it was clear to the carrier, from its own intra-departmental reports, from the day after the accident (a) this was a horrendous injury including brain damage to a minor, (b) it was either an absolute or nearly absolute liability case, and (c) the policy limits were $25,000. Six weeks post-accident the victim's attorney orally requested policy limits of $25,000 and $1,000 medical payments for a complete release of its insured. This information was not conveyed to the insured.
No response was given for almost a month, though the adjuster spoke with the victim's mother and verified the minor was still in the hospital awaiting further surgery, had lost 50% of his vision, and had extensive medical and hospital bills. The victim's attorney then sent a written formal demand for the limits and extended only ten days within which the carrier could tender $25,000. Although this court has indicated its unhappiness with "ten day demand" letters (see DeLaune v. Liberty Mutual Insurance Company, 314 So.2d 601 (Fla. 4th DCA 1975)), under these facts we find no error justifying reversal since there was sufficient evidence from which the jury could have found a breach of the carrier's duty of good faith even predating the written demand for policy limits.
In addition, there was evidence of the carrier's failure to communicate appropriately with its insured as well as a lack of candor and complete integrity in that which it did communicate, all of which could also justify the jury's finding of bad faith.
However, we do find error with the award of punitive damages. The supreme court has consistently and continuously set extremely strict standards for the imposition of exemplary damages. Carroway v. Revell, 116 So.2d 16 (Fla. 1959); White Construction Company v. DuPont, 455 So.2d 1026 (Fla. 1984); Como Oil Company v. O'Laughlin, 466 So.2d 1061 (Fla. 1985). Herein, there is insufficient evidence of a continued course of dishonesty or conduct of such a gross and flagrant nature showing wantonness and recklessness to the welfare of its insured which would justify the imposition of punitive damages. We have considered all other matters raised by appellant and have rejected them.
ANSTEAD and GLICKSTEIN, JJ., concur.