PER CURIAM.
We affirm, rejecting both parties’ claims of error by the trial court. As to appellant’s claim that the trial court erred in reducing the punitive damages award, we explain our reasoning in leaving that decision intact so that the parties may seek review if we are incorrect in our interpretation of the prevailing law.
The trial court entered an order denying the appellee’s motion for new trial but granting a request to reduce the punitive damage award or, alternatively, ordering a new trial. The punitive damage claim involved herein is predicated upon a statute, rather than the common law. The claim involved, a first party insurance claim, would otherwise not give rise to a punitive damage recovery. The trial court determined that the appellee’s conduct was sufficiently egregious to submit a punitive damages claim to the jury under the provisions of sections 624.155 and 626.9541, Florida Statutes (Supp.1988), but such conduct was not sufficiently egregious to support a punitive damages award of $1,000,-000.00. Under our reading of Wackenhut v. Canty, 359 So.2d 430 (Fla.1978), we believe a trial court is authorized to order a new trial on punitive damages “where the tort committed is lacking the degree of maliciousness and/or outrageous disregard for the plaintiff’s rights to sustain the amount of the verdict.” Id. at 436. Although the court reversed a trial judge’s grant of a new trial in Wackenhut, it did so because it found none of the circumstances that would justify such action supported by the record. Here, we believe such circumstance, i.e., the degree of egregiousness, is supported by the record, and, hence, that the trial court did not abuse its discretion.
ANSTEAD and GLICKSTEIN, JJ., and MARTIN D. KAHN, Associate Judge, concur.