McDonald, justice.
Pursuant to article V, section 3(b)(6), Florida Constitution, we respond to Adams v. Fidelity & Casualty Co., 920 F.2d 897, 900 (11th Cir.1991), in which the United States Eleventh Circuit Court of Appeals certified the following question:
*930 Assuming that Fla.Stat. Section 624.-155(l)(b)l. provides for a first-party bad faith claim in an uninsured motorist case, and assuming that damages exceeding the limits of the insurance policy may be collected against an uninsured motorist insurance carrier, can the measure of damages properly include an award of punitive damages against the insurer?
In McLeod v. Continental Insurance Co., 591 So.2d 621 (Fla.1992), we held that the damages recoverable in a first-party bad faith suit under section 624.155, Florida Statutes (1989), are those damages which are the natural, proximate, probable, or direct consequence of the insurer’s bad faith actions and that such damages may exceed the limits of the insurance policy. However, we rejected the contention that first-party bad faith damages should be fixed by the amount of the excess judgment.
In Adams, the issue is whether it is proper to award the excess judgment amount in a first-party action under section 624.155, even though the excess judgment consists of punitive damages secured by the insured against the third-party tort-feasor. Because we held that the excess judgment amount is not the proper measure of damages in a first-party action, McLeod is determinative of this case. Accordingly, we decline to address the certified question further.
It is so ordered.
SHAW, C.J., and OVERTON, GRIMES and HARDING, JJ., concur.
BARKETT, J., dissents with an opinion, in which KOGAN, J., concurs.