William ADAMS and Dorothy Adams, his wife, and Thomas Shelton and Elizabeth Shelton, his wife, Plaintiffs–Appellants,

v.

The FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant–Appellee.

No. 90–5229.

United States Court of Appeals, Eleventh Circuit.

March 6, 1992.

James B. Tilghman, Stewart, Tilghman, Fox & Bianchi, Miami, Fla., for plaintiffs-appellants.

Love Phipps, Corlett, Killian, Ober & Levi, Miami, Fla., for defendant-appellee.

Before FAY and COX, Circuit Judges.*

PER CURIAM:

In *Adams v. Fidelity & Casualty Co.,* 920 F.2d 897 (11th Cir.1991), we certified the following question to the Florida Supreme Court:

> Assuming that Fla.Stat. Section 624.-155(1)(b)1. provides for a first-party bad faith claim in an uninsured motorist case, and assuming that damages exceeding

the limits of the insurance policy may be collected against an uninsured motorist carrier, can the measure of damages properly include an award of punitive damages against the insurer?

*Id.* at 900. The Florida Supreme Court recently responded to this question in *Adams v. Fidelity & Casualty Co.,* 591 So.2d 929 (Fla.1992). The Florida Supreme Court referred to its recent decision in *McLeod v. Continental Insurance Co.,* 591 So.2d 621 (Fla.1992), as determinative of this case. In *McLeod,* the court held that the proper measure of damages in first-party actions under section 624.155 "are those amounts which are the natural, proximate, probable, or direct consequence of the insurer's bad faith actions," and rejected "the contention that first-party bad faith damages should be fixed at the amount of the excess judgment." 591 So.2d at 626.

In the case at bar, the district court did not have the benefit of *McLeod* or the Florida Supreme Court's answer to the certified question posed by this court in this case. Accordingly, we VACATE the judgment of the district court, and REMAND for reconsideration in light of the Florida Supreme Court's decisions in *McLeod* and *Adams.*

---

* Honorable Howard T. Markey, U.S. Circuit Judge for the Federal Circuit, who sat by designation on the panel of this court in this case, resigned from the federal bench on April 1, 1991 and did not participate in this decision.

This decision is rendered by a quorum. 28 U.S.C. § 46(d).