W. SHARP, Judge.
Dunn (the injured party) appeals from a final summary judgment which denied him any recovery for punitive damages, reimbursement for attorney’s fees he incurred in bringing the preceding tort suit (which is the basis for this third party suit), and recovery for mental or emotional suffering in his third-party bad faith suit against National Security Fire and Casualty Company, the tortfeasor’s liability carrier. The court did award Dunn attorney’s fees for bringing the bad faith lawsuit, pursuant to section 624.155(3). This case is complicated by its unique factual circumstances, and it involves questions of first impression arising under the statutory remedy provided by section 624.155, Florida Statutes (1991).[1] We affirm the trial judge’s rulings concerning attorney’s fees and mental pain and suffering under the present status of the pleadings filed in this case, but we remand to allow Dunn to pursue discovery sought as to punitive damages, and to be afforded an opportunity to amend his complaint.
This proceeding had as its source, an automobile accident between Dunn and White (National’s insured), in 1981. Dunn sued White and National in 1985 to recover for damages he suffered in the accident. He alleged in this suit that National had an opportunity to settle the lawsuit for White’s $10,000 policy limits.
The case resulted in a hung jury. When it was tried a second time in 1991, the jury rendered an “excess” verdict of $17,476.73. National then filed a motion to limit its liability to the $10,000 policy limits.
After giving the required statutory notice,[2] on February 28, 1992, Dunn filed this bad faith suit against National. But on June 16, 1992, National paid Dunn the full amount of the excess judgment, plus interest. It also acknowledged liability for attorney’s fees and costs for filing the bad faith suit. They also have been currently satisfied.
In his complaint against National, Dunn alleged that National owed him a duty to act in good faith with regard to settlement negotiations, including a duty to investigate the case, give fair consideration to a settlement offer, and to settle where a “reasonably prudent person faced with the prospect of paying the total recovery would do so.” He also alleged National breached its duty by not settling for the policy limits, by pursuing a “spurious appeal”, by failing to keep its insured informed about the case and the possibility of having an excess judgment, and by not taking steps to protect its insured from exposure to liability in excess of the $10,000 policy.
As a result of this breach of duty, Dunn alleged he suffered damages including but not limited to the excess verdict. He was deprived of receiving the settlement benefits “in a timely manner” (during the pendency of the tort suit), he incurred emotional pain and suffering, and he incurred attorney’s fees and costs for the underlying tort suit, as well as this bad faith suit.
In addition, Dunn alleged that National’s bad faith actions were committed with such frequency as to constitute “a business practice or policy and were committed willfully and wantonly or in reckless disregard of its insured.” Section 624.155(4) provides for punitive damages in these general circumstances. An additional problem in this case is that Dunn was never able to flesh out his punitive damage claim with facts and particulars, partly because the trial court denied his attorney’s discovery efforts to obtain access to National’s claim file. The trial court denied production of the claim file involving White’s underlying tort suit, because it could violate National’s work-product and attorney-client privilege, and because it could be “very costly” to National.
Section 624.155 expressly provides that it does not preempt any existing common law cause of action developed pursuant to Florida’s case law for bad faith insurance suits nor *1106 is it intended to create a new one under common law.[3] Prior to judgment, a party must elect whether a common law remedy or a statutory remedy pursuant to section 624.-155 is being obtained. In this ease, Dunn’s complaint was sufficiently general to have allowed him to proceed on either ground, and this case was terminated before he had to make that election.
Thus, we must consider whether summary judgment for National denying Dunn recovery for mental pain and suffering, attorney’s fees for the underlying tort suit, and punitive damages was proper under both section 624.-155 and the common law of Florida. In addition, we must initially consider whether National’s payment of the excess judgment plus interest to the injured party judgment holder (Dunn) during the pendency of the bad faith suit, extinguished the bad faith cause of action.
This case is distinguishable from Fidelity and Casualty Co. of New York v. Cope, 462 So.2d 459 (Fla.1985) and Kelly v. Williams, 411 So.2d 902 (Fla. 5th DCA), rev. denied, 419 So.2d 1198 (Fla.1982). In Fidelity, the injured party released the tortfeasor from liability and executed a satisfaction of the tort judgment before bringing the bad faith suit against the insurance company. And in Kelly, the parties stipulated that the tortfea-sor-insured’s liability was limited to the insurance policy limits, prior to bringing the bad faith suit. In this case the bad faith suit was filed before the excess judgment was paid, and no release or satisfaction was obtained. See Higgs v. Industrial Fire & Casualty Insurance Co., 501 So.2d 644 (Fla. 3d DCA 1986), rev. denied, 511 So.2d 298 (Fla. 1987); Clement v. Prudential Property & Casualty Insurance Co., 790 F.2d 1545 (11th Cir.1986).
Further, although payment of the excess judgment obtained against an insured may satisfy the provable damages in most cases,[4] it is not the sole measure of damages in bad faith cases. McLeod v. Continental Insurance Co., 591 So.2d 621 (Fla.1992); Adams v. Fidelity & Casualty Co. of New York, 591 So.2d 929 (Fla.1992). Punitive damages, attorney’s fees, and other direct consequential damages may be recoverable in appropriate cases. If the rule were otherwise, it would permit an insurance company to flagrantly disregard its insured’s interests, and when a bad faith suit is brought, to destroy the cause of action by paying the judgment, despite other resulting damages.[5]

Consequential Damages:

Mental Pain and Suffering;

Attorney’s Fees

At common law in Florida, the essence of a bad faith cause of action against an insurance company (whether brought by the insured or the injured party),[6] is that the insurer breached its fiduciary duty owed to its insured by wrongfully refusing to defend its insured in a liability context, or by wrongfully refusing to settle the case within the policy limits, and exposing its insured to a judgment which exceeds the coverage provided by the policy. Fidelity and Casualty Co. of New York v. Cope, 462 So.2d 459 (Fla. 1985); Robinson v. State Farm & Casualty Co., 583 So.2d 1063 (Fla. 5th DCA 1991); Kelly v. Williams, 411 So.2d 902 (Fla. 5th DCA), rev. denied, 419 So.2d 1198 (Fla.1982). Such suits have long been recognized at common law in this state.[7] However, first party *1107 bad faith suits (where the insured is the injured party and claimant, and no injured third party is involved) are not allowed at common law.[8]
In common law third party suits, our supreme court has limited recovery of damages for mental pain and suffering to situations where the insurer’s conduct is so gross and extreme as to amount to an independent tort, and to merit the award of punitive damages. Butchikas v. Travelers Indemnity Co., 348 So.2d 816 (Fla.1976); Saltmarsh v. Detroit Auto Inter-Insurance Exchange, 344 So.2d 862 (Fla. 3d DCA 1977). The allegations in Dunn’s complaint in this case do not rise to this level of malfeasance on the part of National. However, if discovery had been permitted below, appropriate amendments might have been possible.
The statutory cause of action provided in section 624.156 does not expand recovery for mental pain and suffering beyond the rule enunciated for common law bad faith cases. McLeod v. Continental Insurance Co.; Hollar v. International Bankers Insurance Co., 572 So.2d 937 (Fla. 3d DCA 1990), rev. denied, 582 So.2d 624 (Fla.1991). The statute allows first party bad faith suits by insureds against their insurers on the same footing as third party suits, but the Butchi-kas rule governs both kinds of suits. McLeod.
Further, even if the Butchikas court’s limitation on recovery of damages for pain and suffering were not applicable to third party bad faith suits brought pursuant to section 624.155, the allegations in Dunn’s complaint that he is entitled to recover for his own emotional pain and suffering, as opposed to White’s (the insured), does not fit into the scheme of third party bad faith suits. The insurer has no insurance contract with the injured third party, and thus breaches no fiduciary duty with regard to that person, when it wrongfully refuses to settle a suit for its insured. The injured third party only has a derivative claim as the insured’s stand-in.[9] Most courts in other jurisdictions have refused to recognize a separate independent fiduciary cause of action for an injured party against a tortfeasor’s liability carrier.[10]
Section 624.155 does not appear to change this concept for third party suits.[11] The gravamen for the statutory cause of action is similar to the common law cause of action: “An insurer’s not attempting in good faith to settle claims when, under the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests ” (emphasis supplied). § 624.155(l)(b)l., Fla.Stat. (1991). The duty breached is owed to the insured, and only damages for pain and suffering caused to the insured should be recoverable in an appropriate case. The relationship between the insurance company and the injured party (not its insured) is as adverse and arms length as the relationship between the tortfeasor and the injured third party. Thus, no recovery for pain and suffering of a stranger or third party should be allowed in such third party bad faith suits, absent some independent tort or fraud directed at the injured party by the insurer.[12]
*1108 Similarly, Dunn’s argument that attorney’s fees should be awarded him for his prosecution of the underlying tort suit should be rejected. As noted above, he has been fully compensated for bringing this bad faith suit against National as the statute and case law permits.[13] However, we have found no common law precedent for awarding attorney’s fees for the underlying tort case in a third party bad faith suit, where the insurance company appeared and defended its insured, as it did in this ease.
We think cases involving insurance companies that breach their insurance contracts to defend their insureds are distinguishable. In Shook v. Allstate Insurance Co., 498 So.2d 498 (Pla. 4th DCA 1986), rev. denied, 508 So.2d 13 (Fla.1987), the insurer abandoned its tortfeasor/insured after the accident, and after the underlying tort suit was brought. The injured party and the insured party settled the case for $350,000, and the insured assigned his cause of action against the insurer, to the injured party. The court held that the injured party could recover (among other things) the attorney’s fees and costs expended by the insured party to defend the tort suit, which was being appealed. Significantly, the injured party in Shook was not also allowed to recover attorney’s fees for his own attorney’s fees expended in bringing the underlying tort suit. See also Thomas v. Western World Insurance Co., 343 So.2d 1298 (Fla. 2d DCA), cert. dismissed, 348 So.2d 955 (Fla.1977).
It is the derivative nature of a third party suit that allows an injured party to recover attorney’s fees for the underlying tort suit. Recovery is limited to those situations where the insurer breached its contract to defend its insured. See F & R Builders, Inc., v. U.S. Fidelity & Guaranty Co., 490 So.2d 1022 (Fla. 3d DCA 1986), receded from on other grounds sub nom. Assoc. Electric and Gas Insurance Services, Ltd. v. Ranger Insurance Co., 560 So.2d 242 (Fla. 3d DCA 1990). The injured party recovers attorney’s fees as the subrogee of the insured party. 15A Couch, supra at § 58:131.
Nor do we think Dunn’s recovery of attorney’s fees for his own prosecution of the underlying tort suit is provided for by section 624.155. Our supreme court has not recognized the existence of a fiduciary duty owed by an insurer to a third party injured by its insured to settle the suit within the policy limits. Fidelity & Casualty Co. of New York, 462 So.2d at 461, n. 5. If it did, then recovery of attorney’s fees expended by the injured third party after the time a court decides settlement should have been made, would be recoverable. But, recognizing such a duty under section 624.155 would greatly expand the theory and extent of liability of insurance carriers beyond that established by common law, for third party bad faith cases. Although the legislature can expand by statute the common law concept of third party suits and recoverable damages, we are reluctant to interpret the statute as having made such a drastic change without clear and more express language in the statute indicating that intent.[14]

Punitive Damages

Punitive damages are recoverable in third party bad faith suits at common law in Florida. See, e.g., Campbell v. Government Employees Insurance Co., 306 So.2d 525 (Fla.1974). The grounds necessary to allow recovery of punitive damages under Florida’s common law rules are that the conduct of the insurer against the interests of the insured must be so egregious as to constitute an independent tort. T.D.S. v. Shelby Mutual Insurance Co., 760 F.2d 1520 (11th Cir.1985). In general, dishonesty, misrepresentations, and fraudulent conduct must be alleged and established. See Butchikas v. Travelers Indemnity Co., 343 So.2d 816 (Fla. 1976); Hartford Accident & Indemnity Co. v. Mathis, 511 So.2d 601 (Fla. 4th DCA), rev. denied, 518 So.2d 1275 (Fla.1987); Allstate Insurance Co. v. Douville, 510 So.2d 1200 (Fla. 2d DCA), rev. denied, 519 So.2d 986 (Fla.1987); Smith v. Standard Guaranty Insurance Co., 435 So.2d 848 (Fla. 2d DCA), rev. denied, 441 So.2d 633 (Fla.1983).
*1109 Dunn alleged in his complaint only the following:
That Defendant, National Security First & Casualty Company’s bad faith actions in this ease, were committed with such frequency as to constitute a business practice or policy and were committed 'willfully and wantonly or in reckless disregard of its insured.
He also alleged National failed to settle, failed to inform its insured about the case and the possibility of any excess judgment. But there are no allegations of dishonest or outrageous conduct. Under the common law rule, Dunn’s complaint appears inadequate to withstand a summary judgment motion on punitive damages. See Cotton States Mutual Insurance Co., v. Trevethan, 390 So.2d 724 (Fla. 5th DCA 1980), rev. denied, 392 So.2d 1373 (Fla.1980); Saltmarsh v. Detroit Automobile International Insurance Exchange, 344 So.2d 862 (Fla. 3d DCA 1977).
Section 624.155(4) provides for punitive damages also.[15] Recovery under the statute is limited to:
[A]cts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are:
(a) Willful, wanton, and malicious;
(b) In reckless disregard for the rights of any insured; ...
An award of punitive damages under the statute also requires proof of a degree of outrageous or egregious conduct by the insurer. Pierre-Louis v. Colonial Insurance Co. of California. In this regard, Dunn’s pleadings appear insufficient.
However, Dunn argues that he was not allowed discovery of the underlying tort suit claim file, and that a dismissal of his punitive damage claim was premature. Had he been permitted to review the claim file, he might have been able to plead sufficient allegations to entitle him to a jury trial on punitive damages. Without reviewing the claim file ourselves, we are not in any position to say Dunn is wrong.
In bad faith suits against insurance companies for failure to settle within the policy limits, all materials in the insurance company’s claim file up to the date the judgment in the underlying suit are obtainable, and should be produced when sought by discovery. Continental Casualty Co. v. Aqua Jet Filter Systems, Inc., 620 So.2d 1141 (Fla. 3d DCA 1993); U.S. Fire Insurance Co. v. Clearwater Oaks Bank, 421 So.2d 783 (Fla. 2d DCA 1982); Aaron v. Allstate Insurance Co., 559 So.2d 275 (Fla. 4th DCA), rev. denied, 569 So.2d 1278 (Fla.1990); Koken v. American Service Mutual Insurance Co., Inc., 330 So.2d 805 (Fla. 3d DCA 1976); Stone v. Travelers Insurance Co., 326 So.2d 241 (Fla. 3d DCA 1976). Additional memos or documents in the file after date of the judgment can be obtained with a showing of good cause. Stone v. Travelers Insurance Co.
Discovery of the insurer’s claim file and litigation file is allowed in a bad faith case over the objections of the insurer that production of the file would violate the work product or attorney/client privilege. Continental Casualty Co. The rationale (as discussed above) is because the injured third party “stands in the shoes” of the insured party in a third party bad faith case and the insurer owed a fiduciary duty to its insured. Aaron v. Allstate Insurance Co.; Continental Casualty Co. v. Aqua Jet Filter Systems, Inc.
Two of the three reasons given by the trial judge in this case for denying Dunn’s discovery motion—potential violation of work product and attorney/client privilege—were thus improper. Against them, the required discovery should have been allowed under Florida case law.
The trial judge also added, in denying the discovery, that it could be “very costly” to the defendant, National. However, the expense of the requested discovery does not appear from the record on appeal as having been a reason National filed its motion for a protective order. The motion simply asserted the attorney/ehent privilege.
Section 624.155 provides that a person pursuing a claim for punitive damages, “shall *1110 post in advance the costs of discovery. Such costs shall be awarded to the insurer if punitive damages are not awarded to the plaintiff.” This provision was included in the statute most likely because in order to establish punitive damages under this provision, the person bringing the suit must show the breach of duty happens so frequently as to “indicate a general business practice.” § 624.155(4), Fla.Stat. (1991). Discovery far beyond a single claim or litigation file may be necessary to establish a “practice.” Such discovery could be exceedingly costly.
In this case, however, Dunn was seeking only one claim file and parts of the underlying tort litigation file. No showing was made by National that this limited discovery would be costly or expensive to National. And, unless Dunn seeks discovery of a general business practice through requesting access to multiple files, the advance posting of costs provision of section 624.155(4) is not applicable.

Conclusion

In summary, we affirm the trial court’s denial of attorney’s fees to Dunn for bringing the underlying tort suit. We also affirm the disallowance of consequential damages for Dunn’s personal pain and suffering. Because Dunn was denied discovery of the claims and litigation file pertaining to the underlying tort suit, we think the trial court prematurely struck his claim for punitive damages. On remand, Dunn should be allowed access to the claim and litigation file for the underlying tort suit, and should be permitted to amend his complaint to attempt to allege grounds for punitive damages pursuant to either Florida’s common law or section 624.155(4). Discovery beyond the common law rules may require Dunn to post costs in advance. Dunn should also be allowed to amend his pleadings to seek recovery for the insured’s mental pain and suffering, if appropriate.
AFFIRM in part; REVERSE in part and REMAND for further proceedings.
GOSHORN and PETERSON, JJ., concur.

. Section 624.155 creates a statutory cause of action for "any person” against an insurer when that person is damaged (among other causes) by the insurer's "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly, toward its insured and with due regard for his interests; ...”

. § 624.155(2), Fla.Stat. (1991).

. § 624.155(7), Fla.Stat. (1991).

. See Robinson v. State Farm Fire & Casualty Company, 583 So.2d 1063 (Fla. 5th DCA 1991); Hartford Accident & Indemnity Co. v. Mathis, 511 So.2d 601 (Fla. 4th DCA), rev. denied, 518 So.2d 1275 (Fla.1987); Florida Farm Bureau Mutual Insurance Co. v. Rice, 393 So.2d 552 (Fla. 1st DCA 1980), rev. denied, 399 So.2d 1142 (Fla. 1981).

. 16A John A. Appleman, Insurance Law and Practice § 8878 (rev. ed. 1981).

. Odom v. Canal Insurance Co., 582 So.2d 1203 (Fla. 1st DCA 1991).

. See Boston Old Colony Insurance Co. v. Gutierrez, 386 So.2d 783 (Fla.1980); Thompson v. Commercial Union Insurance Company of New York, 250 So.2d 259 (Fla. 1971); Hartford Accident & Indemnity Co. v. Mathis, 511 So.2d 601 (Fla. 4th DCA), rev. denied, 518 So.2d 1275 (Fla.1987); Cotton States Mutual Insurance Co. v. Trevethan, 390 So.2d 724 (Fla. 5th DCA), rev. denied, 392 So.2d 1373 (Fla.1980).

. Allstate Co. v. Douville, 510 So.2d 1200 (Fla. 2d DCA), rev. denied, 519 So.2d 986 (Fla.1987); Kent Insurance Co. v. Hassan, 447 So.2d 323 (Fla. 4th DCA 1984); Industrial Fire & Casualty Insurance Co. v. Romer, 432 So.2d 66 (Fla. 4th DCA), rev. denied, 441 So.2d 633 (Fla.1983); Baxter v. Royal Indemnity Co., 285 So.2d 652 (Fla. 1st DCA 1973), cert. discharged, 317 So.2d 725 (Fla.1975); Michael K. Green, Comment, The Other Insurance Crisis: "Bad Faith Refusal to Pay First Party Benefits " 5 Fla.St.U.L.Rev. 521 (1987).

. Higgs v. Independent Fire & Casualty Insurance Co., 501 So.2d 644 (Fla. 3d DCA 1986), rev. denied, 511 So.2d 298 (Fla.1987); Fidelity and Casualty Co. of New York.

. Fidelity and Casualty Co. of New York; Linscott v. State Farm Mutual Automobile Insurance Co., 368 A.2d 1161 (Me.1977); 15A George J. Couch, Couch on Insurance Law § 58:4. (rev. ed 1983).

. Cardenas v. Miami-Dade Yellow Cab Co., 538 So.2d 491 (Fla. 3d DCA), rev. denied, 549 So.2d 1013 (Fla.1989). See 44 Am.Jur.2d Insurance § 1448 (1982).

. Cf. Baxter v. Royal Indemnity Co., 285 So.2d 652 (Fla. 1st DCA 1973), cert. discharged, 317 So.2d 725 (Fla.1975).

. § 624.155(3); Shook v. Allstate Insurance Co., 498 So.2d 498 (Fla. 4th DCA 1986), rev. denied, 508 So.2d 13 (Fla.1987).

. Roberts v. Carter, 350 So.2d 78 (Fla.1977).

. Pierre-Louis v. Colonial Insurance Co. of California, 566 So.2d 320 (Fla. 4th DCA 1990), rev. denied, 576 So.2d 290 (Fla.1991).