PETERSON, Judge.
National Security Fire and Casualty Company (National) seeks certiorari review of an order requiring it to produce claim and litigation material generated by National between the date of an underlying tort judgment against its insured and the date National paid it.
*1189 In the underlying case Dunn obtained a judgment against National’s insured, White, which was in excess of White’s policy limits. Thereafter, Dunn instituted a bad faith action against National. During the pendency of the bad faith action National paid Dunn the entire amount of the judgment, leaving outstanding Dunn’s claim against National for punitive damages. Thereafter, Dunn moved the trial court to compel production of National’s claim file relating to the underlying case. The trial court denied the motion and eventually entered final summary judgment for National.
On appeal, this court reversed in part. In Dunn v. National Security Fire & Casualty Co., 631 So.2d 1103 (Fla. 5th DCA 1993), we held that Dunn, standing in the shoes of White, was entitled to production of the contents of the file up to the date of the final judgment in the underlying case. We also noted that “[additional memos or documents in the file after [the] date of the judgment can be obtained with a showing of good cause.” Id. at 1109. After remand, and after National produced the required documents, the trial court entered the order under review in this appeal. That order compelled production of materials contained in the claim file between the date of the final judgment in the underlying case and the date National paid Dunn the amount of the judgment against White.
We hold that the trial court departed from the essential requirements of law in granting the motion to compel production of the post-judgment materials. Contrary to Dunn’s assertion, the bare statement by National’s representative, that National always pays excess judgments, does not show good cause why Dunn is entitled to work product or other privileged materials post-dating the final judgment.
The order denying protection of the documents is quashed.
PETITION GRANTED; ORDER QUASHED
HARRIS, C.J., and GOSHORN, J. concur.