705 So.2d 605 (1997)
NATIONAL SECURITY FIRE & CASUALTY COMPANY, Petitioner,
v.
Jeffrey DUNN, Respondent.
No. 97-1740.
District Court of Appeal of Florida, Fifth District.
December 19, 1997.
Rehearing Denied February 13, 1998.
*606 Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for Petitioner.
Joseph R. Flood, Jr. and Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for Respondent.

ON PETITION FOR WRIT OF CERTIORARI
ANTOON, Judge.
In this third-party bad faith action, National Security Fire and Casualty Co. (National) seeks certiorari review of the trial court's denial of a motion for protective order. National asserts that, by denying its motion for a protective order, the trial court improperly granted the respondent, Jeffrey Dunn, the right to inspect privileged material in National's files. We agree that the order constitutes a departure from the essential requirements of law and therefore quash the order.
The history of this case requires a brief discussion. This is the fifth time we have reviewed this case since Dunn was injured in an automobile accident in 1981. In 1986, Dunn sued the tortfeasor, National's insured, for damages sustained in the accident. In Dunn v. White, 555 So.2d 1317 (Fla. 5th DCA 1990) (Dunn I), this court reversed the trial court's order dismissing the action because Dunn failed to appear. The case then proceeded to trial, but the jury could not reach a verdict and a mistrial was declared. At the conclusion of the second trial, Dunn was awarded $17,476, an amount in excess of National's coverage. Dunn then filed a third-party bad faith lawsuit against National seeking punitive damages. Thereafter, National filed a motion for summary judgment which the trial court granted. We reversed the summary judgment and remanded with instructions to the trial court that Dunn be permitted to pursue discovery in regard to his claim for punitive damages on appeal. See Dunn v. National Security Fire & Casualty Co., 631 So.2d 1103 (Fla. 5th DCA 1993) (Dunn II)
On remand, the trial court ordered National to produce not only the claim file in the underlying tort case, but also any material in the file generated after the judgment against *607 the tortfeasor was entered. National filed a petition for writ of certiorari seeking to quash this order. In National Security Fire and Casualty Co. v. Dunn, 652 So.2d 1188 (Fla. 5th DCA 1995) (Dunn III), this court quashed the trial court's order.
Thereafter, the trial court granted Dunn's motion to compel National to produce the litigation files of the attorneys who represented the insured and the files of any independent adjuster, coinsurance adjuster, or reinsurance adjuster. In a separate order, the trial court also ordered National to answer interrogatories identifying other bad faith claims filed against National. National then filed two petitions for writs of certiorari challenging these orders. The writs were consolidated and later denied by this court. National Security, Fire & Casualty Co. v. Dunn, Nos. 96-1612, 96-1862 (Fla. 5th DCA 1996) (Dunn IV).
This brings us to the instant appeal in which National again seeks a writ of certiorari quashing the trial court's latest discovery order. The order denied National's motion for a protective order and authorized Dunn's lawyers to inspect National's files relating to other bad faith claims which had previously been identified in National's answers to interrogatories. In support of its petition for writ of certiorari, National argues that the discovery order is overly broad, violates the work product privilege and the attorneyclient privilege, and impinges on the privacy rights of its insureds. Dunn responds by arguing that the information he seeks from National's files is necessary to establish his punitive damages claim. He also maintains that this issue had previously been decided in his favor in Dunn II. We disagree.
In Dunn II, we specifically referred to section 624.155(4), Florida Statutes (1991), which requires a showing of willful, wanton and malicious acts in reckless disregard of the rights of insureds occurring with such frequency as to indicate a general business practice in order to establish a claim for punitive damages in bad faith insurance cases. Dunn v. National Security, Fire and Casualty Co., 631 So.2d at 1109. We stated:
Because Dunn was denied discovery of the claims and litigation file pertaining to the underlying tort suit, we think the trial court prematurely struck his claim for punitive damages.
Id. at 1110. Our reference to the litigation file included only National's file pertaining to Dunn's claim and the instant litigation, and not to any other files involving claims by other National insureds. Furthermore, we explained that, in his bad faith action against National, Dunn "stood in the shoes" of the insured tortfeasor, and therefore, National owed Dunn the same fiduciary duty it owed its insured, including the right of access to National's claim and litigation file pertaining to Dunn's original negligence action. Nothing in Dunn II could be fairly construed as allowing Dunn access to any of National's other claim files.
Generally, the contents of insurance claim files are protected by the work product privilege. American States Insurance Co. v. Kransco, 641 So.2d 175 (Fla. 5th DCA 1994). The privilege may be overcome by a showing of need and undue hardship in obtaining substantially equivalent information by other means. See Fla.R.Civ.P. 1.280. Absent a showing of need and the inability to obtain comparable materials without undue hardship, the work product material is not discoverable and orders compelling discovery of such material must be quashed. Gelco Corp. v. Escambia County, 649 So.2d 333 (Fla. 1st DCA 1995). In Dunn IV, we denied National's petition for writ of certiorari seeking to quash orders allowing Dunn access to the files of insurance adjusters and attorneys who represented the insured tortfeasor and an order compelling National to answer interrogatories. The interrogatories required National to identify bad faith claims asserted by others. In National's answers to interrogatories, thirty-eight bad faith claims were disclosed, including two bad faith lawsuits. Dunn does not allege that this information is inadequate. In fact, Dunn has made no showing whatsoever of need or undue hardship. In this regard, the record before us does not show that Dunn reviewed the court files disclosed in the answers to interrogatories or otherwise followed up with additional discovery other than demanding access to the files of other insureds.
*608 National also asserts that the trial court's order violates the attorney-client privilege, arguing that the files include communications between National's attorneys, as well as between its insureds and their attorneys. Notwithstanding a litigant's entitlement to work-product material upon a showing of need and undue hardship, the attorney-client privilege is absolute. See Shell Oil Co. v. Par Four Partnership, 638 So.2d 1050 (Fla. 5th DCA 1994). We note that an in camera inspection of the files was neither requested nor ordered prior to giving access. An in camera inspection of these files would have established whether they contained privileged attorney-client communications and, if so, whether redaction would have been feasible. In the absence of such an inspection, the trial court's order violates the attorneyclient privilege.
Finally, National also asserts that the trial court's discovery order improperly allows Dunn access to the medical and psychological records of its other insureds. We agree. In Colonial Medical Specialties of South Florida, Inc. v. United Diagnostic Laboratories, Inc., 674 So.2d 923 (Fla. 4th DCA 1996), the fourth district held that it was a departure from the essential requirements of law to compel the production of nonparty medical records where the right to privacy had not been overcome, there had not been an in camera inspection, and there had not been a showing of need. In the instant case, proper consideration was not given to the privacy rights of National's other thirty-eight insureds.
In summary, the trial court's discovery order is a departure from the essential requirements of law because Dunn failed to show his need for the files or his inability to obtain equivalent information without undue hardship, and the trial court failed to make any provision to exclude material protected by the attorney-client privilege or to consider the privacy rights of the other thirty-eight individuals with regard to their medical and psychological records. See Allstate Insurance Co. v. Langston, 655 So.2d 91 (Fla. 1995). Accordingly, we grant the petition for writ of certiorari and quash the discovery order.
PETITION GRANTED; ORDER QUASHED.
GOSHORN and HARRIS, JJ., concur.