The circumstances of this case present an excellent example of the very difficult issues this Court is obligated to resolve pursuant to its constitutional charge on jurisdiction and to bring uniformity to the law applied throughout Florida.
In this case we are asked to review a district court decision setting aside a jury's determination that an insurance company negligently failed to look out for the interests of its insured when the insurance company failed to seize an opportunity to resolve a claim involving clear liability and damages that greatly exceeded the insured's policy limits. According to the insured, the insurance company's failure to act on the opportunity to settle the case for an amount within the policy limits resulted in him subsequently facing a substantial court judgment far in excess of his insurance coverage.
Years ago, in decisions outlined in the majority opinion we decided that these disputes between insurance companies and their insureds should ordinarily be resolved *Page 684 
by juries. See Boston Old Colony Ins. Co. v. Gutierrez,386 So.2d 783 (Fla. 1980). That is the effect of our decision today, and, based upon our consistent precedent, I join in that resolution, while acknowledging the good faith of the arguments made on both sides. One of the cases presenting facts very similar to the case at issue is cited and discussed in the majority opinion. See Hartford Acc. Indem. Co. v. Mathis,511 So.2d 601 (Fla. 4th DCA 1987). A review of that case may be helpful in understanding today's decision.
In Mathis, as here, the insured was involved in a very serious accident involving the clear liability of the insured and very substantial damages. The insurance company was aware of the clear liability and substantial damages when shortly after the accident it was presented with an opportunity to settle the case for the policy limits of the policy it had issued to its insured. As here, the claimants presented this opportunity for settlement to the insurance company with the condition that the company act quickly. And, as here, when the company failed to seize the opportunity, the insured ended up with a court judgment against him for damages far in excess of the policy limits. The insured then sued his insurance company claiming the company failed to look out for him when it missed the opportunity to settle. After a jury agreed with the insured, the appellate court affirmed the jury's verdict, holding that the facts presented a legitimate jury issue as to whether the insurance company had negligently failed to act on its insured's behalf. The district court explained:
 First of all, it was clear to the carrier, from its own intra-departmental reports, from the day after the accident (a) this was a horrendous injury including brain damage to a minor, (b) it was either an absolute or nearly absolute liability case, and (c) the policy limits were $25,000. Six weeks post-accident the victim's attorney orally requested policy limits of $25,000 and $1,000 medical payments for a complete release of its insured. This information was not conveyed to the insured.
 No response was given for almost a month, though the adjuster spoke with the victim's mother and verified the minor was still in the hospital awaiting further surgery, had lost 50% of his vision, and had extensive medical and hospital bills. The victim's attorney then sent a written formal demand for the limits and extended only ten days within which the carrier could tender $25,000. Although this court has indicated its unhappiness with "ten day demand" letters (see DeLaune v. Liberty Mutual Insurance Company, 314 So.2d 601 (Fla. 4th DCA 1975)), under these facts we find no error justifying reversal since there was sufficient evidence from which the jury could have found a breach of the carrier's duty of good faith even predating the written demand for policy limits.
 In addition, there was evidence of the carrier's failure to communicate appropriately with its insured as well as a lack of candor and complete integrity in that which it did communicate, all of which could also justify the jury's finding of bad faith.
511 So.2d at 602. Although not an issue here, the Mathis court did reverse an award of punitive damages the jury assessed against the insurance company. Nevertheless, on facts almost identical to those involved herein the district court held that it was up to the jury to determine whether the insurance company had properly acted in its insured's best interests when it possessed absolute authority under the policy to process and settle the claim. In other words, the assumption of *Page 685 
that absolute control carries with it the obligation to look out for the interests of the insured. Where the insurance company knows that the liability is clear and the damages clearly in excess of the policy limits, that obligation usually requires an insurance company to seize upon any opportunity to settle within the policy limits. The dangers of not doing so are obvious as the financial consequences to the insured can be devastating.
Today's case presents virtually the same ingredients as inMathis: clear liability, substantial damages, low policy limits, an opportunity to settle within a limited time frame, and a subsequent judgment against the insured for an amount far in excess of his liability policy limits. The insurance company contends that it did act in the best interests of its insured, and its actions were reasonable under the circumstances; and, of course, the jury could have found for the insurance company. But, as in Mathis, it did not. Its message: given the clear liability and the substantial damages, the insurance company did not act in the best interests of its insured in missing an opportunity to settle and to avoid the big liability judgment that was later entered against its insured.