[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12011
_____

D.C. Docket No. 6:12-cv-00687-CEH-KRS

DANIEL J. DIPERNA,

Plaintiff - Appellee,

versus

GEICO GENERAL INSURANCE
COMPANY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 13, 2015)

Before WILSON and MARTIN, Circuit Judges, and VINSON,[*] District Judge.

_____

[*] Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

PER CURIAM:

Defendant-Appellant GEICO General Insurance Co. (GEICO) appeals the district court's denial of its Rule 50(b) motion for judgment as a matter of law after a jury returned a verdict in favor of Plaintiff-Appellee Daniel Diperna, as assignee of non-party Joseph Umberger, GEICO's insured, on a claim for bad faith. *See* Fed. R. Civ. P. 50(b). GEICO claims that the evidence at trial did not establish an essential element of Diperna's claim for bad faith.

We review the denial of a motion for judgment as a matter of law de novo. *Gowski v. Peake*, 682 F.3d 1299, 1310 (11th Cir. 2012) (per curiam). A court should render judgment as a matter of law when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). The court should review the entire record, but "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110 (2000). Thus, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe," while giving credence to evidence favoring the movant that is "uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Id.* at 151, 120 S. Ct. at 2110 (internal quotation marks omitted).

2

Taking the evidence in the light most favorable to Diperna, that evidence was sufficient to support the jury's verdict finding bad faith on GEICO's part. For that reason, we affirm the judgment of the district court.

**AFFIRMED.**

VINSON, District Judge, dissenting:

I can agree that, viewed in the light most favorable to the jury verdict, there was ample evidence that GEICO may have been negligent in processing Diperna's claim.  However, negligence is not bad faith under Florida law.  *See Campbell v. GEICO*, 306 So.2d 525, 530 (Fla. 1974) (recognizing that Florida has "aligned . . . with those states whose standards for determining liability in an excess judgment case is bad faith rather than negligence"); *accord DeLaune v. Liberty Mut. Ins. Co.*, 314 So.2d 601, 603 (Fla. 4th DCA 1975) (concluding that  "evidence of negligence may be considered by the jury as it may bear on the question of bad faith, [but] a cause of action based solely on negligence which does not rise to the level of bad faith does not lie").  Ultimately, "[t]he essence of an insurance bad faith claim is that the insurer acted in its own best interests to the detriment of the insured . . . ." *See, e.g., Johnson v. GEICO*, 318 F. App'x 847, 849 (11th Cir. 2009) (per curiam) (citing *Macola v. GEICO*, 953 So.2d 451, 458 (Fla. 2006)).  Because there is no evidence in the record that GEICO was acting in its own best interests in handling Diperna's claim --- it is undisputed that GEICO tendered full policy limits within the short time frame set by plaintiff's counsel --- this case should never have gone to the jury in the first place.

I respectfully dissent.