637 So.2d 40 (1994)
Bonita CONQUEST, Appellant,
v.
AUTO-OWNERS INSURANCE COMPANY, Appellee.
No. 93-01567.
District Court of Appeal of Florida, Second District.
May 11, 1994.
*41 K. Jack Breiden, Breiden & Associates, Naples, for appellant.
K. Douglas Henderson, Price, Price, Prouty & Whitaker, Chartered, Bradenton, for appellee.
Joel D. Eaton, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for amicus curiae, Academy of FL Trial Lawyers.
BLUE, Judge.
This appeal requires that we determine whether section 624.155, Florida Statutes (1991), permits an action by a third party (non-insured) against an insurance company for damages other than those resulting from an excess verdict. Bonita Conquest contends the trial court erred in dismissing with prejudice her three-count complaint against Auto-Owners Insurance Company. We agree that counts II and III fail to state a cause of action and were properly dismissed; however, our interpretation of section 624.155, in combination with section 626.9541(1)(i), requires that we reverse the dismissal of count I and remand to the trial court. In concluding the clear language of the statute creates a cause of action for third parties in some cases, we acknowledge conflict with the Third District's decision in Cardenas v. Miami-Dade Yellow Cab Co., 538 So.2d 491 (Fla. 3d DCA), review dismissed, 549 So.2d 1013 (Fla. 1989).[1]
Conquest was injured when thrown from a horse she was riding. Suit was filed against Auto-Owners' insured alleging that negligent maintenance of his property resulted in conditions which spooked the horse and caused the accident. A jury trial concluded with a verdict of $327,000 for Conquest, reduced to $130,800 based on comparative negligence. The case was affirmed on appeal.[2]
Conquest then filed a three-count complaint against Auto-Owners and requested damages based on three theories. Count I alleged a statutory violation of the unfair claims settlement practices act. Count II alleged a statutory claim of bad faith refusal to settle. Counts I and II asserted violations of different statutory sections but relied on the civil remedy provision of section 624.155 *42 as the authority to sue. Count III alleged a common law claim of bad faith. The trial court dismissed all three counts with prejudice for failing to state a cause of action.
Because the common law bad faith claim allows the easiest disposition, we decide it first. We are aware of no case law in Florida which permits recovery by a third party against an insurance company unless the underlying case resulted in an excess verdict. Conquest's recovery was less than the $300,000 in coverage. Therefore we affirm the dismissal with prejudice of count III.
Counts I and II attempted to state causes of action under section 624.155. That section states: "Any person may bring a civil action against an insurer when such person is damaged" by an insurer which violates one of six enumerated statutes or commits one of three prohibited acts.
The Third District held that "any person" in section 624.155 meant "any insured party." Cardenas, 538 So.2d at 496. The court concluded that this section did not authorize any third-party suits against insurance companies. We disagree. We hold that the words "any person" constitute clear, unambiguous, all-inclusive language that requires no interpretation of legislative intent. Holly v. Auld, 450 So.2d 217 (Fla. 1984); Opperman v. Nationwide Mut. Fire Ins. Co., 515 So.2d 263 (Fla. 5th DCA 1987), review denied, 523 So.2d 578 (Fla. 1988). We find additional support for the plain reading of "any person" to authorize appropriate third-party suits because the section elsewhere recognizes third parties. See § 624.155(2)(b)4 (excusing third-party claimants from a requirement of attaching policy language if it has not been provided by the insurer).[3] Having concluded, however, that a third-party suit may be generally allowed, we must next look to whether the particular violation will support a third-party claim.
Count II alleged Auto-Owners committed an act prohibited by section 624.155(1)(b)1. That section imposes liability on an insurer for "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests." § 624.155(1)(b)1. The trial court, in dismissing count II, followed the Third District's decision in Cardenas. Although we conclude this section does not support a third-party claim, we do so for reasons other than those expressed in Cardenas.
Section 624.155(1)(b)1 defines bad faith refusal to settle in terms of acting fairly and in the insured's best interest. By the very language of the statute, the insurer's duty runs to its insured and not to third parties. We agree with the Fifth District that this section provides protection only for the insured. Dunn v. National Sec. Fire & Casualty Co., 631 So.2d 1103 (Fla. 5th DCA 1993). Thus, we conclude section 624.155(1)(b)1 provides no basis for this third-party claim and we affirm the trial court's dismissal with prejudice of count II.
That leaves us with count I, which alleged a cause of action under section 624.155(1)(a)1 based on Auto-Owners' violation of section 626.9541(1)(i)3.a, c and d. Section 626.9541 is contained in the Unfair Insurance Trade Practices Act. Section 626.9541(1)(i) addresses unfair claim settlement practices and condemns an insurer for:
3. Committing or performing with such frequency as to indicate a general business practice any of the following:
a. Failing to adopt and implement standards for the proper investigation of claims;
* * * * * *
c. Failing to acknowledge and act promptly upon communications with respect to claims;
d. Denying claims without conducting reasonable investigations based upon available information.
§ 626.9541(1)(i)3.a, c and d.
Conquest alleged that Auto-Owners failed to properly investigate claims, failed to acknowledge *43 and act promptly on claims, denied claims without conducting a reasonable investigation of available information, and these failures by Auto-Owners occurred with such frequency as to indicate a general business practice. She further alleged that as a result she suffered damages. We conclude Conquest stated a cause of action under the statute and find nothing in section 626.9541 that would restrict claims to insureds only. Accordingly, we reverse the trial court's dismissal of count I.
We, like the Third District in Cardenas, recognize the problems that may be associated with actions of this type. We also recognize that damages will be a necessary element explicitly required by the language of section 624.155: "Any person may bring a civil action against an insurer when such person is damaged." § 624.155(1) (emphasis added). But we are compelled by the clear language of the statute to conclude that the first count of Conquest's complaint alleged a cause of action.
In so ruling, we offer condolences to the trial judge we are reversing. In dismissing the complaint with prejudice, he followed the rule we have established: if this court has not spoken on a subject but another district has, the trial courts of this district must follow that decision. Chapman v. Pinellas County, 423 So.2d 578 (Fla. 2d DCA 1982). We acknowledge the trial judge correctly ruled in accordance with Chapman although we now reverse, in part, that ruling.
Based on our analysis, we reverse the dismissal with prejudice of count I of the complaint and remand to the trial court for further proceedings. We affirm the dismissal with prejudice of counts II and III. In so holding, we certify conflict with the Third District Court of Appeal.
DANAHY, A.C.J., and QUINCE, J., concur.
NOTES
[1] Although the issue in Cardenas was certified as one of great public importance, the parties settled and the case was not considered by the supreme court.
[2] Sorscek v. Conquest, 592 So.2d 685 (Fla. 2d DCA 1991) (per curiam affirmed).
[3] The supreme court has said that "[s]ection 624.155 does not differentiate between first- and third-party actions and calls for the recovery of damages in both instances." McLeod v. Continental Ins. Co., 591 So.2d 621, 623 (Fla. 1992). We recognize that the validity of a third-party claim was not the issue and believe the statement is dicta. For that reason, we have not relied on McLeod for our decision in this case.