658 So.2d 928 (1995)
AUTO-OWNERS INSURANCE COMPANY, Petitioner,
v.
Bonita CONQUEST, Respondent.
No. 83827.
Supreme Court of Florida.
July 6, 1995.
Raymond T. Elligett, Jr. and Bonnie A. Glober of Schropp, Buell & Elligett, P.A., Tampa, for petitioner.
K. Jack Breiden of Breiden & Associates, Naples, for respondent.
Paul B. Butler, Jr., John W. Weihmuller and Lisa A. Oonk of Butler, Burnette & Pappas, Tampa, amici curiae for State Farm Auto. Ins. Co., State Farm Fire & Cas. Co., United Services Auto. Ass'n, Fireman's Fund Ins. Co., Hartford Fire Ins. Co., Royal Ins. Co. of America, American Ins. Ass'n, Alliance of American Insurers and The Defense Research Institute.
Paul B. Butler, Jr. and John W. Weihmuller of Butler, Burnette & Pappas, Tampa, for The Royal Ins. Co. of America and United Services Auto. Ass'n, Fireman's Fund Ins. Co., the Hartford Fire Ins. Co., the American Ins. Ass'n, the Alliance of American Insurers, and the Defense Research Institute, joining State Farm's amicus curiae Brief.
Paul E.B. Glad and John Leland Williams of Sonnenschein, Nath & Rosenthal, San Francisco, CA; and William T. Barker of Sonnenschein, Nath & Rosenthal, Chicago, IL, amici curiae for Nat. Ass'n of Independent Insurers and Allstate Ins. Co.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, amicus curiae for the Academy of Florida Trial Lawyers.
SHAW, Justice.
We have for review the decision in Conquest v. Auto-Owners Insurance Co., 637 So.2d 40 (Fla. 2d DCA 1994), which certified conflict with the decision in Cardenas v. Miami-Dade Yellow Cab Co., 538 So.2d 491 (Fla. 3d DCA), review dismissed, 549 So.2d 1013 (Fla. 1989). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve the decision below.
The facts, as determined by the district court, are as follows:
Conquest was injured when thrown from a horse she was riding. Suit was filed against Auto-Owners' insured alleging that negligent maintenance of his property resulted in conditions which spooked the horse and caused the accident. A jury *929 trial concluded with a verdict of $327,000 for Conquest, reduced to $130,800 based on comparative negligence. The case was affirmed on appeal.
Conquest then filed a three-count complaint against Auto-Owners and requested damages based on three theories. Count I alleged a statutory violation of the unfair claims settlement practices act. Count II alleged a statutory claim of bad faith refusal to settle. Counts I and II asserted violations of different statutory sections but relied on the civil remedy provision of section 624.155 as the authority to sue. Count III alleged a common law claim of bad faith. The trial court dismissed all three counts with prejudice for failing to state a cause of action.
Conquest, 637 So.2d at 41-42 (footnote omitted). The district court affirmed the dismissals of counts II and III. Auto-Owners seeks review of the district court's reversal of the dismissal of count I, which pertains to sections 624.04, 624.155(1)(a)1., and 626.9541(1)(i)3. a., c., d., Florida Statutes (1993).
Section 624.04 defines "person" as used in the Florida Insurance Code and states that:
"Person" includes an individual, insurer, company, association, organization, Lloyds, society, reciprocal insurer or interinsurance exchange, partnership, syndicate, business trust, corporation, agent, general agent, broker, solicitor, service representative, adjuster, and every legal entity.
Section 624.155(1)(a)1. tells who may bring a civil action and sets forth Code violations that subject the insurer to suit. The section states, in part, that:
(1) Any person may bring a civil action against an insurer when such person is damaged:
(a) By a violation of any of the following provisions by the insurer:
1. Section 626.9541(1)(i), (o), or (x)... .
Bonita Conquest alleged a cause of action under section 624.155(1)(a)1. based on her assertion that Auto-Owners violated section 626.9541(1)(i)3. a., c., and d, of the 1993 Code, which lists the following unfair practices by the insurer:
3. Committing or performing with such frequency as to indicate a general business practice any of the following:
a. Failing to adopt and implement standards for the proper investigation of claims; ...
c. Failing to acknowledge and act promptly upon communications with respect to claims;
d. Denying claims without conducting reasonable investigations based upon available information....
Although the trial court failed to find a cause of action, the district court, compelled by the language of the sections, reached a contrary conclusion and found nothing in the sections that would restrict claims to insureds only. Conquest, 637 So.2d at 43. In so finding, the district court certified conflict with Cardenas v. Miami-Dade Yellow Cab Co., 538 So.2d 491 (Fla. 3d DCA 1989), which found that section 624.155(1)(a)1. prohibits third-party actions. For the reasons set out below, we adopt the decision under review and disapprove Cardenas.
Section 624.155 is the mechanism by which a person may bring a civil suit against an insurer who violates the Insurance Code and provides that "[a]ny person may bring a civil action against an insurer when such person is damaged." We find the section's use of the words "any person" dispositive. The words are precise and their meaning unequivocal. By choosing this wording the legislature has evidenced its desire that all persons be allowed to bring civil suit when they have been damaged by enumerated acts of the insurer. This Court has a long history of giving deference to a statute's clear and unambiguous wording. See, e.g., Zuckerman v. Hofrichter & Quiat, P.A., 646 So.2d 187, 188 (Fla. 1994); S.R.G. Corp. v. Department of Revenue, 365 So.2d 687 (Fla. 1978). Since the legislature has not prohibited third-party actions under the Code we are bound by that legislative determination. See also State Farm Mutual Auto. Ins. Co. v. Laforet, 658 So.2d 55 (Fla. 1995) (section 624.155 provides remedies for first- and third-party actions). We are not unmindful of Cardenas' premonition that a *930 plain reading of the words "any person" as including injured third-parties
would achieve an unreasonable result in that permitting a third party such a cause of action against the insurer any time the insurer allegedly failed to settle in good faith could result in "undesirable social and economic effects ... (i.e., multiple litigation, unwarranted bad faith claims, coercive settlements, excessive jury awards, and escalating insurance, legal and other `transaction' costs)."
538 So.2d at 496. We are nonetheless compelled by the section's clear wording and we are not free to speculate on the repercussions.
The decision of the court below is approved and the case remanded for proceedings consistent with this opinion. We disapprove Cardenas v. Miami-Dade Yellow Cab Co., 538 So.2d 491 (Fla. 3d DCA 1989), to the extent it conflicts with our decision herein.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.