673 So.2d 562 (1996)
Wayne ZEBROWSKI and Carol Zebrowski, his wife, a/k/a Carol Lord, Appellants,
v.
STATE FARM FIRE & CASUALTY COMPANY, Appellee.
No. 94-2626.
District Court of Appeal of Florida, Fourth District.
May 22, 1996.
*563 Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and Jesse S. Faerber of Fenster & Faerber, P.A., Plantation, for appellants.
Paul B. Butler, Jr., and Paula B. Tarr of Butler, Burnette & Pappas, Tampa, for appellee.
STEVENSON, Judge.
The issue presented in this appeal is whether section 624.155(1)(b)1, Florida Statutes (1993), permits an injured party to bring a direct action against the tortfeasor's insurer for bad faith failure to settle. We answer the question in the affirmative, provided the injured party can plead and prove damages.
Appellant and plaintiff below, Carol Zebrowski, was injured on property insured by appellee and defendant below, State Farm Fire & Casualty Company. The Zebrowskis brought a personal injury action against State Farm's insured and obtained a judgment within the policy limits. The Zebrowskis then brought this action against State Farm for statutory bad faith pursuant to section 624.155(1)(b)1, Florida Statutes (1993). Finding that the Zebrowskis could not bring a direct cause of action against State Farm for statutory bad faith, the trial court granted final summary judgment in favor of State Farm, and this appeal followed. Because we conclude that a direct action against State Farm was permissible, we reverse.
Section 624.155 provides in part as follows:
624.155 civil remedy.
(1) Any person may bring a civil action against an insurer when such person is damaged:
(a) By a violation of any of the following provisions by the insurer:
1. Section 626.9541(1)(i), (o), or (x);
2. Section 626.9551;
3. Section 626.9705;
4. Section 626.9706;
5. Section 626.9707; or
6. Section 627.7283.
(b) By the commission of any of the following acts by the insurer:
1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured with due regard for "his interests."
In Auto-Owners Insurance Co. v. Conquest, 658 So.2d 928 (Fla.1995), the supreme court held that a third party could bring a direct action for bad faith against an insurer under section 624.155(1)(a)1. The court approved the decision in Conquest v. Auto-Owners Insurance Co., 637 So.2d 40 (Fla. 2d DCA 1994), which certified conflict with Cardenas v. Miami-Dade Yellow Cab Co., 538 So.2d 491 (Fla. 3d DCA), rev. dismissed, 549 So.2d 1013 (Fla.1989). In Auto-Owners v. Conquest, the injured party brought suit directly against the insurer after receiving an award of $130,000 in a jury action for negligence against the insured. The suit against the carrier was based on alleged unfair insurance practices pursuant to section 624.155(1)(a). In approving the second district opinion which allowed the injured party to bring a direct action against the insurer under section 624.155(1)(a), the supreme court stated:
Section 624.155 is the mechanism by which a person may bring a civil suit against an insurer who violates the Insurance Code and provides that "[a]ny person may bring a civil action against an insurer when such person is damaged." We find the section's use of the words "any person" dispositive. The words are precise and their meaning unequivocal.
658 So.2d at 929.
Although the second district held in Conquest v. Auto-Owners that a third party may not bring a direct action under section 624.155(1)(b)1, the supreme court did not address that finding because Auto-Owners sought review of the court's findings only with respect to section 624.155(1)(a). Further, *564 the second district's determination that section 624.155(1)(b)1 did not permit a direct third party action was consistent with the third district's opinion in Cardenas v. Miami-Dade Yellow Cab Co., so there was no basis for the supreme court to assert its conflict jurisdiction to review the issue. Auto-Owners v. Conquest, 658 So.2d at 929.
Based on the supreme court's holding in Auto-Owners v. Conquest that an injured party may bring a claim directly against the insurer when the injured party alleges a business practice of unfair dealing under section 624.155(1)(a), we see no reason that the result would be different when the injured party brings suit directly against the insurer based on an alleged unfair failure to settle a particular claim under section 624.155(1)(b)1. The words "any person" contained in section 624.155(1) are not limited to subsection (a), but would apply to subsection (b) as well. The notion that the term "any person" in section 624.155(1) meant "any insured person" was dispelled by the supreme court in Auto-Owners Insurance Co v. Conquest. The words "any person" are "precise and their meaning unequivocal." 658 So.2d at 929.
In finding that section 624.155(1)(b)1 does not allow a third party to bring an action directly against the insurer, the second district reasoned that because the section defines bad faith refusal to settle in terms of acting in the insured's best interest, the insurer's duty of good faith runs only to its insured and not to third parties. Conquest v. Auto-Owners, 637 So.2d at 42. Therefore, the court concluded that third parties could have no right of action directly against the insurer based on the insurer's breach of an obligation to its insured. Id. While this reasoning has a ring of logic, it ignores that part of the statute which says that "any person" may bring an action against an insurer if that person is damaged by certain enumerated acts, one of which is the insurer's bad faith refusal to settle a claim made against the insured. See §§ 624.155(1) and (1)(b)1, Fla.Stat.
Moreover, we are unable to distinguish between sections 624.155(1)(a) and 624.155(1)(b)1 based on the latter's reference to the insurer's duty to its insured. As the third district recognized in Cardenas v. Miami-Dade Yellow Cab Co., even the unfair claims practices addressed by reference in section 624.155(1)(a) are stated in relation to the duty of the insurer to conduct fair business practices for the insured:
[W]e have undertaken a careful reading of the instant statute and those other statutory sections referred to within section 624.155. There is repeated reference, not to the rights of third persons, but to the rights of the insured in his dealings with his insurance company.
538 So.2d at 496. We agree with the third district's analysis of the rights referred to within section 624.155. Almost all of the unfair claims practices alluded to in section 624.155(1)(a) are stated in reference to the insurer's malfeasance involving duties owed to the insured.
While the statutory cause of action has certain elements which are stated in relation to the insurer's duty to the insured, the language of the statute implicitly recognizes that persons other than the insured may be injured by the insurer's conduct in handling the claim. One person who may potentially be damaged by the insurer's failure to settle an insurance claim in good faith is the injured third-party, who stands to benefit from an expeditious resolution of his damages demand if for no other reasons than the time-value of money and the costs associated with protracted litigation. Section 624.155 plainly creates a classic statutory cause of action; the statute itself creates the insurer's duty to the third party claimant.
Obviously though, the injured party attempting to bring suit against the insurer for a bad faith failure to settle, like the injured party suing for unfair claims practices, must be able to plead and prove damages. Generally, damages in common law bad faith actions, whether to the insured or the injured party, stem from a judgment in excess of the insured's policy limits. See Thompson v. Commercial Union Ins. Co. of New York, 250 So.2d 259 (Fla.1971). Further, an injured third-party's right to sue the insurer was considered to be merely derivative of the insured's rights. Fidelity and Cas. Co. of *565 New York v. Cope, 462 So.2d 459, 461 (Fla. 1985). On the contrary, there is no indication in the statute that the injured party's cause of action against the insurer is merely subordinate to, and derivative of, the insured's cause of action, or that an excess judgment is an essential ingredient of the injured party's cause of action. Indeed, in Cope, which discussed the derivative nature of a third party's right to sue the insured for common law bad faith, the court in a footnote may have forecast the statutory cause of action:
Should this court recognize a duty from an insurer to a third party injured party to settle a claim within its policy limits, the damages of that third party would be entirely different from the damages of an insured. At best such damages would be the extra cost of going to trial and loss of the money that earlier should have been paid.
462 So.2d at 461, n. 5. More directly on point, section 624.155(7) reads in pertinent part as follows:
The damages recoverable pursuant to this section shall include those damages which are a reasonably foreseeable result of a specified violation of this section by the insurer and may include an award or judgment in an amount that exceeds the policy limits. (emphasis added).
In the instant case, the question of the sufficiency of the alleged damages to the injured party was not raised in the motion for summary judgment. The final order was based primarily on the trial court's conclusion that an injured party may not bring an action directly against the insurer. Therefore, we do not address whether the damages alleged in the instant case were legally sufficient because we are reluctant to decide an issue which was not first adjudicated in the court below.
Accordingly, the trial court's order on summary judgment, predicated on the conclusion that an injured party, in the absence of an excess judgment, may not bring a direct cause of action against an insurer under section 624.155(1)(b)1 is reversed. We certify conflict with the second district in Conquest v. Auto-Owners Insurance Co., 637 So.2d 40, and the third district in Cardenas v. Miami Dade Yellow Cab Co., 538 So.2d 491. This cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
WARNER and POLEN, JJ., concur.