706 So.2d 275 (1997)
STATE FARM FIRE & CASUALTY COMPANY, Petitioner,
v.
Wayne ZEBROWSKI, et al., Respondents.
No. 88338.
Supreme Court of Florida.
November 26, 1997.
Rehearing Denied February 23, 1998.
Paul B. Butler, Jr., Paula B. Tarr and Lisa A. Oonk of Butler, Burnette & Pappas, Tampa, for Petitioner.
Jesse S. Faerber of Fenster and Faerber, P.A., Plantation, and Lynn A. Shapiro and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for Respondents.
Louis K. Rosenbloum of Levin, Middlebrooks, Mabie, Thomas, Mays & Mitchell, P.A., Pensacola, for Academy of Florida Trial Lawyers, Amicus Curiae.
GRIMES, Senior Justice.
We review Zebrowski v. State Farm Fire & Casualty Co., 673 So.2d 562 (Fla. 4th DCA 1996), in which the court certified conflict with Conquest v. Auto-Owners Insurance Co., 637 So.2d 40 (Fla. 2d DCA 1994), approved, 658 So.2d 928 (Fla.1995), and Cardenas v. Miami-Dade Yellow Cab Co., 538 So.2d 491 (Fla. 3d DCA 1989). We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Carol Zebrowski sustained personal injuries at a shopping plaza owned by Haisfield Enterprises of Florida (Haisfield). Haisfield carried liability insurance on the shopping plaza with State Farm Fire and Casualty Company (State Farm). Zebrowski joined by her husband filed a personal injury action against Haisfield. The complaint included a claim that State Farm had violated section 624.155(1)(b)1, Florida Statutes (1995), by not attempting in good faith to settle the Zebrowskis' third-party liability claim. The trial court stayed prosecution of the claim against State Farm pending resolution of the personal injury action. The Zebrowskis obtained a judgment within the liability limits of the policy, and State Farm satisfied the judgment. When the Zebrowskis recommenced their bad-faith claim, State Farm obtained a summary judgment on the premise that a claimant injured by an insured tortfeasor did not have a bad-faith claim under section 624.155(1)(b)1 when the judgment against the tortfeasor did not exceed the insurer's liability limits. The Fourth District Court of Appeal reversed the summary *276 judgment and held that the Zebrowskis were entitled to pursue their bad-faith claim under section 624.155(1)(b)1.
Section 624.155(1) reads in pertinent part:
(1) Any person may bring a civil action against an insurer when such person is damaged:
(a) By a violation of any of the following provisions by the insurer:
1. Section 626.9541(1)(i), (o), or (x);
2. Section 626.9551;
3. Section 626.9705;
4. Section 626.9706;
5. Section 626.9707; or
6. Section 627.7283.
(b) By the commission of any of the following acts by the insurer:
1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests;
2. Making claims payments to insureds or beneficiaries not accompanied by a statement setting forth the coverage under which payments are being made; or
3. Except as to liability coverages, failing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.
In Cardenas, third-party plaintiffs brought claims against the liability carrier for the taxicab company which had caused them injury under both subsections (1)(a) and (1)(b) of section 624.155. The Third District Court of Appeal held that the liability of the insurance carrier under section 624.155 runs only to the insured and not to the injured party. Thus, the court determined that the words "any person" as used in section 624.155 meant any insured party who is harmed by his insurer's bad faith. The court affirmed the dismissal of the plaintiffs' third-party claim.
Subsequently, in Conquest the Second District Court of Appeal was faced with a similar third-party bad-faith claim which alleged a cause of action under section 624.155(1)(a) (count I) and a cause of action under section 624.155(1)(b)1 (count II). The court disagreed with Cardenas and held that a third-party claim could allege a cause of action under count I because of the terminology "any person" in the first sentence of the statute. However, the court agreed that count II did not state a cause of action for the third-party claimant, but not for the reason given by Cardenas. The court explained that section 624.155(1)(b)1 defined bad faith refusal to settle in terms of acting fairly and in the insured's best interest. The court concluded that by the very language of the statute the insurer's duty went only to the insured and not to third parties and held that count II did not state a cause of action.
We reviewed this decision by virtue of its conflict with Cardenas on count I. In our opinion in Auto-Owners Insurance Co. v. Conquest, 658 So.2d 928 (Fla.1995), we agreed with the Second District Court of Appeal that because of the terminology "any person," the third-party claimant had properly stated a cause of action under section 624.155(1)(a). We disapproved Cardenas to the extent that it conflicted with our decision. While we approved the decision of the Second District Court of Appeal, we did not discuss the propriety of the dismissal of count II, presumably because there was no cross-appeal.
In the instant case, the Zebrowskis were pursuing the bad-faith claim under section 624.155(1)(b)1. In ruling in favor of the Zebrowskis, the court below reasoned:
Based on the supreme court's holding in Auto-Owners v. Conquest that an injured party may bring a claim directly against the insurer when the injured party alleges a business practice of unfair dealing under section 624.155(1)(a), we see no reason that the result would be different when the injured party brings suit directly against the insurer based on an alleged unfair failure to settle a particular claim under section 624.155(1)(b)1.
Zebrowski v. State Farm Fire & Cas. Co., 673 So.2d at 564. We disagree.
*277 While the words "any person" are all-inclusive, it is necessary to consider what those words modify in order to determine the particular persons authorized to pursue the various claims authorized by section 624.155. In subsection (1)(a), there are no specified limitations upon claims for violation of any of the enumerated statutes. However, in subsection (b), the cause of action is predicated on the failure of the insurer to act "fairly and honestly toward its insured and with due regard for his interests." The duty runs only to the insured. Therefore, in the absence of an excess judgment, a third-party plaintiff cannot demonstrate that the insurer breached a duty toward its insured. See Dunn v. National Sec. Fire & Cas. Co., 631 So.2d 1103 (Fla. 5th DCA 1993) (only damages caused to the insured are recoverable under section 624.155(1)(b)1).
We believe the enactment of section 624.155(1)(b)1 had the effect of codifying Thompson v. Commercial Union Insurance Co., 250 So.2d 259 (Fla.1971) (plaintiff entitled to bring bad-faith claim on excess judgment against liability carrier as third-party beneficiary), and Fidelity & Casualty Co. v. Cope, 462 So.2d 459 (Fla.1985) (basis for action authorized by Thompson is damage to insured who suffers excess judgment as result of bad faith of insurer in failing to settle within policy limits). Thus, section 624.155(1)(b)1 authorizes a third party to file a bad-faith claim directly against the liability insurer without an assignment by the insured upon obtaining a judgment in excess of the policy limits. In addition, this section also authorizes the successful plaintiff to recover attorney's fees in section 624.155(3), a remedy not otherwise clearly available prior to the enactment of the statute.
Our interpretation of subsection (1)(b)1 is fortified by a study of the other subsections of (1)(b). Thus, subsection (1)(b)2 speaks only of payments to insureds or beneficiaries, and subsection (1)(b)3 excludes liability coverage altogether.
In Royal Globe Insurance Co. v. Superior Court, 23 Cal.3d 880, 153 Cal.Rptr. 842, 592 P.2d 329 (1979), the California Supreme Court initially construed its comparable insurance statute similar to the manner in which the court below construed section 624.155(1)(b)1 in the instant case. Nine years later, the California Supreme Court overruled its Royal Globe decision in Moradi-Shalal v. Fireman's Fund Ins. Co., 46 Cal.3d 287, 250 Cal.Rptr. 116, 758 P.2d 58 (1988). The California court pointed out that the rationale of its Royal Globe decision had been rejected by many other courts and that scholarly commentary had been critical of the decision. The court noted:
These articles emphasize both the erroneous nature of our holding (i.e., the strained interpretation of the statutory provisions, and the misreading or disregard of available legislative history) and the undesirable social and economic effects of the decision (i.e., multiple litigation, unwarranted bad faith claims, coercive settlements, excessive jury awards, and escalating insurance, legal and other "transaction" costs).
Moradi-Shalal, 250 Cal.Rptr. at 122, 758 P.2d at 64.
To interpret section 624.155(1)(b)1 as advocated by the Zebrowskis would place a liability insurance company in the dilemma of having a good-faith obligation to a third-party claimant as well as to its insured when the best interest of one would not necessarily be in the best interest of the other. We are confident that in enacting this section, the legislature did not intend this result.
We quash the decision below and remand for reinstatement of the summary judgment in favor of State Farm.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.