773 So.2d 71 (1998)
Bonita CONQUEST, Appellant,
v.
AUTO-OWNERS INSURANCE COMPANY, Appellee.
No. 96-05141.
District Court of Appeal of Florida, Second District.
April 6, 1998.
Rehearing Denied May 26, 1998.
*72 K. Jack Breiden of Breiden & Associates, Naples, for Appellant.
Louis K. Rosenbloum of Louis K. Rosenbloum, P.A., Pensacola, for Academy of Florida Trial Lawyers, Amicus Curiae.
Raymond T. Elligett, Jr. and Amy S. Farrior of Schropp, Buell & Elligett, P.A., Tampa, for Appellees.
PER CURIAM.
This appeal arises from a claim filed by an injured third party, Bonita Conquest, against Auto-Owners Insurance Company pursuant to section 624.155, Florida Statutes (1991), which allows any person to bring a civil action against an insurer if that person is damaged by certain enumerated acts of the insurer. Because Conquest failed to present sufficient evidence that she was damaged by any unfair claim settlement practices of Auto-Owners, we affirm.
Conquest alleged that Auto-Owners engaged in unfair claim settlement practices when she filed a personal injury claim against its insured, Fred Sorscek. In that underlying negligence action, Conquest recovered a jury verdict in her favor that was within policy limits.[1] She then filed a three-count complaint against Auto-Owners seeking damages on three different theories. Two counts were dismissed and, after appeal,[2] the case proceeded to trial on her remaining claim that Auto-Owners violated the following provisions of section 626.9541(1)(I)(3) of the Unfair Insurance Trade Practices Act, Florida Statutes (1991):
a. Failing to adopt and implement standards for the proper investigation of claims;....
c. Failing to acknowledge and act promptly upon communications with respect to claims;
d. Denying claims without conducting reasonable investigations based upon available information.
Conquest now challenges the final judgment that was entered in favor of Auto-Owners after the trial court granted Auto-Owners' motion for directed verdict. The Academy of Florida Trial Lawyers appears as amicus curiae for the limited purpose of addressing the measure of damages cognizable under section 624.155(1)(a).
Bonita Conquest was seriously injured in November 1986 when a piece of paper from a pile of trash on Sorscek's rental property blew across the face of the horse she was riding, causing the horse to throw her. Auto-Owners insured Sorscek under a premises liability policy with a $300,000 limit. Throughout the investigation of Conquest's claim, Auto-Owners questioned its insured's liability. On March 19, 1987, Auto-Owners' adjuster denied liability. On December 11, 1989, Auto-Owners made a $1,000 offer of judgment. On December 18, 1989, Conquest, through her attorney, submitted a written settlement demand for the policy limits. The demand letter stated:
Because we feel that liability is obvious and the damages far exceed your policy limits, the offer to settle for the policy limits will extend only until January 5, 1990. I fully realize that a demand for settlement within policy limits requires contacting your client in order to discuss the consequences of an excess judgment. However, we find the period of evaluation *73 to be reasonable, in light of the fact that all of the necessary information has been available to you for several months now. If this offer is not excepted [sic] by 5:00 p.m. on January 5, 1990, my client has instructed us to withdraw the offer and proceed to trial without any further offers.
Auto-Owners rejected this demand. Conquest made no further settlement demands. The case proceeded to trial in September 1990 and Conquest was awarded a jury verdict of $327,000 reduced by comparative negligence to $130,800.
Shortly after Auto-Owners appealed the final judgment in the personal injury action, Conquest commenced this civil claim against Auto-Owners seeking compensatory and punitive damages. For the purpose of arguing its motion for directed verdict, Auto-Owners conceded that Conquest presented sufficient evidence to allow the jury to decide whether Auto-Owners engaged in unfair claims settlement practices. The sole argument presented in support of the motion was that Conquest failed to prove that any of her damages were caused by Auto-Owners' handling of her claim.
In a nutshell, the contention Conquest attempted to present to the jury was that she was damaged by the delay in resolving her personal injury claim. She asserted that her claim could have been expeditiously resolved within six months after the accident by a settlement, ranging between $130,000 and $150,000, if Auto-Owners had followed proper claims handling procedures. Instead, she claimed, Auto-Owners repeatedly denied her claim without conducting a reasonable investigation and routinely failed to acknowledge and act promptly with respect to communications regarding the claim. Therefore, because her claim was not timely settled, she was forced to file an unnecessary lawsuit, as a result of which she claimed that she suffered the following compensatory damages:

1. Additional Attorney's Fees.
In the underlying case, the agreement between Conquest and her attorney allowed a 33-1/3 percent fee if the case was settled without suit and a 40 percent fee if suit was filed. Conquest claimed she should recover the 6-2/3 percent difference as additional attorney's fees because she was forced to go to trial.

2. Unreimbursed Court Costs.
Conquest claimed she should recover approximately $3,000 for the unreimbursed court costs she incurred in the underlying case.

3. Interest.
Conquest claimed she should recover interest on the amount for which the case should have settled, calculated from the date on which settlement should have occurred, both the amount and the date to be determined by the jury.

4. Medical Expenses/Aggravation of a Pre-existing Condition.
Conquest claimed she should recover medical expenses for psychiatric treatment because her post-traumatic depression was aggravated by the actions of Auto-Owners.

5. Emotional Distress.
Conquest claimed that she should recover damages for severe emotional distress because Auto-Owners' conduct was outrageous.
Section 624.155(7) provides, in part, that "[t]he damages recoverable pursuant to this section shall include those damages which are a reasonably foreseeable result of a specified violation of this section by the insurer and may include an award or judgment in an amount that exceeds the policy limits." Conquest presented expert opinion testimony that Auto-Owners should have settled her claim within six months for an amount ranging between $130,000 and $150,000. However, Conquest presented no evidence to provide a *74 factual basis for this opinion testimony. At no time prior to the verdict did Conquest offer to settle her claim against Auto-Owners' insured for any sum less than the $300,000 policy limits. At no time did she file a demand for judgment in any amount. And, neither Conquest nor her attorney[3] testified that she would have accepted an offer of $130,800 or any other amount below policy limits at any time prior to the verdict. The only factual basis upon which her damages must rest is that she was delayed in ultimately receiving approximately 56 percent of her demand. This factual basis does not support the opinion testimony that Conquest should have received a settlement ranging from $130,000 to $150,000 within six months of filing her claim. Consequently, there was no evidence upon which the claim for additional attorney's fees, unreimbursed court costs and interest could be submitted to the jury. We agree with the trial court's finding that:
The evidence presented by the plaintiff cannot support a finding by the jury that the defendant should have offered any specific amount at any particular time to the plaintiff. And it is precisely because the jury awarded the plaintiff less than her last demand for settlement that she cannot establish that she was damaged by some lack of the defendant's investigation standards, some failure by the defendant to act promptly upon communication, or the defendant's denial of her claim without a reasonable investigation.
As to Conquest's claims for emotional distress and medical expenses for treatment of aggravation of her post-traumatic depression, there is no question that Conquest suffered a serious injury and that she was emotionally distressed throughout her litigation with Auto-Owners. However, the trial court ruled that:
[I]n light of the Court's determination that the intentional infliction of emotional distress will lie only where defendant's conduct was so outrageous in character and so extreme it goes beyond the bounds of decency and be deemed utterly intolerable in a civilized community, the Court finds there is an absence of evidence to support a jury finding of that. And so the Court could not permit the plaintiff under anyin any event to recover or submit that issue to the jury.
We have carefully reviewed the entire, lengthy record and must agree with the trial court that Conquest failed to present a factual nexus between the damages she claims and any acts of Auto-Owners that rise to a level sufficient to present a claim for emotional distress to a jury. See Butchikas v. Travelers Indem. Co., 343 So.2d 816 (Fla.1976). Moreover, without evidence that Conquest was willing to settle for less than policy limits, she cannot attribute her emotional distress to Auto-Owners.
Because we affirm the trial court's directed verdict on compensatory damages, we need not address the arguments raised regarding whether the various compensatory damages sought by Conquest are, in fact, recoverable under section 624.155. This statute clearly contemplates the award of damages upon proper proof. However, we leave to a case-by-case determination the question of what those elements of damages may be.
Conquest also asserted a claim for punitive damages. Section 624.155(4) provides that punitive damages shall not be awarded unless "the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are: (a) Willful, wanton, and malicious." Our affirmance of the directed verdict on Conquest's claim for compensatory damages requires an affirmance on the directed verdict as to punitive damages as well. As with the claim for emotional distress, we agree with the trial court's *75 determination that Conquest did not present sufficient evidence that any of Auto-Owners' actions rose to the level required to submit a claim for punitive damages to the jury. See Como Oil Co. v. O'Loughlin, 466 So.2d 1061 (Fla.1985); Dunn v. National Sec. Fire and Cas. Co., 631 So.2d 1103 (Fla. 5th DCA 1993).
We close our review by addressing Conquest's argument that the trial court erred by directing a verdict on nominal damages. Both this court and the Florida Supreme Court have recognized that "damages will be a necessary element explicitly required by the language of section 624.155(1): `Any person may bring a civil action against an insurer when such person is damaged.'" Conquest v. Auto-Owners Ins. Co., 637 So.2d 40, 43 (Fla. 2d DCA 1994); see also Auto-Owners Ins. Co. v. Conquest, 658 So.2d 928 (Fla.1995) (recognizing legislature's intent that statute allows civil suit when person has been damaged by enumerated acts of the insurer). Based on our reading of the clear and unambiguous wording of the statute, we hold that nominal damages may not be recovered in a civil claim brought pursuant to section 624.155.
We conclude that the trial court properly granted Auto-Owners' motion for directed verdict. In doing so, we have subjected the trial court's decision to the rules governing the granting of motions for directed verdict. See Cooper Hotel Serv., Inc. v. MacFarland, 662 So.2d 710 (Fla. 2d DCA 1995). Accordingly, we affirm the final judgment.
ALTENBERND, A.C.J., and BLUE and FULMER, JJ., concur.
NOTES
[1] Affirmed on appeal. See Sorscek v. Conquest, 592 So.2d 685 (Fla. 2d DCA 1991).
[2] Conquest v. Auto-Owners Ins. Co., 637 So.2d 40 (Fla. 2d DCA 1994), aff'd, 658 So.2d 928 (Fla.1995).
[3] We are puzzled by the fact that Conquest's trial counsel became a significant witness in the trial. This appears to be a clear violation of Rule 4-3.7, Rules Regulating the Florida Bar.