[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 22, 2010
JOHN LEY
ACTING CLERK

No. 08-14824

_____

D. C. Docket No. 06-22180-CV-PCH

HERITAGE CORPORATION OF SOUTH FLORIDA,

Plaintiff-Appellant,

versus

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
AMERICAN INTERNATIONAL GROUP, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 22, 2010)

Before MARCUS and WILSON, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

_____

[*]Honorable Jane A. Restani, Chief Judge of the United States Court of International
Trade, sitting by designation.

The Heritage Corporation of South Florida ("Heritage") appeals the district court's order granting summary judgment in favor of National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), Heritage's insurer, and American International Group, Inc. ("AIG"), National Union's corporate parent, on Heritage's first-party bad-faith insurance action under section 624.155, Florida Statutes. See Heritage Corp. of S. Fla. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 580 F. Supp. 2d 1294 (S.D. Fla. July 24, 2008). We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the order de novo. See Brinson v. Raytheon Co., 571 F.3d 1348, 1350 (11th Cir. 2009). We affirm.

Heritage submitted claims to National Union for losses of over $3,000,000 from employee fraud. National Union refused to pay, and Heritage sued. After a jury trial, Heritage was awarded $55,310. Heritage Corp. of S. Fla. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., No. 01-3519, slip op. at 4–5 (S.D. Fla. Oct. 29, 2002). Heritage then brought this action under section 624.155, Florida Statutes, alleging that National Union failed to settle the claims in good faith in violation of subsection 624.155(1)(b), Florida Statutes, and committed unfair claim settlement practices in violation of subsections 626.9541(1)(i)(3)(c)–(g), Florida Statutes. Heritage claims damages exceeding $5,000,000.

The district court properly granted summary judgment in this action

because, inter alia, National Union's denial of the claims exceeding $3,000,000 was not in bad faith. The contractual amount due Heritage was found to be $55,310. All of the evidence indicates that National Union could not have settled Heritage's claims for $55,310. Heritage has consistently claimed millions of dollars in damages, and Heritage's president testified in deposition that he did not think he would have accepted less than $3,800,000 to settle the case. As there was no evidence of a reasonable possibility that National Union could have settled the claim for $55,310, National Union's denial of Heritage's significantly higher demand of more than $3,000,000 was not in bad faith. See Conquest v. Auto-Owners Ins. Co., 773 So. 2d 71, 72–74 (Fla. Dist. Ct. App. 1998) (holding that a third-party claimant could not recover for bad faith under sections 624.155 and 626.9541(1)(i)(3) against an insurer for rejecting her demand of $300,000, where the claimant was awarded $130,800 after trial, because she presented no evidence that pre-trial settlement was possible for less than $300,000).

In any event, the district court also correctly concluded that Heritage could not recover because the damages exceeding $5,000,000 it now seeks were not reasonably foreseeable. The only damages recoverable in a bad faith action are "those damages which are a reasonably foreseeable result of a specified violation of [section 624.155] by the authorized insurer," Fla. Stat. § 624.155(8), and "the

3

natural, proximate, probable, or direct consequence of the insurer's bad faith," Cont'l Ins. Co. v. Jones, 592 So. 2d 240, 241 (Fla. 1992). "To recover against the insurer, a Florida insured must produce evidence of . . . the causal connection between [the insurer's] bad faith and the damage sustained." Cheek v. Agric. Ins. Co. of Watertown, N.Y., 432 F.2d 1267, 1269 (5th Cir. 1970). Heritage has not provided any evidence demonstrating that its losses exceeding $5,000,000 were a reasonably foreseeable result of its insurer's failure to settle a claim worth $55,310. Indeed, Heritage's own expert testified that failure to pay $55,310 did not cause the $4,500,000 in losses he estimated that Heritage suffered. The district court, therefore, properly granted summary judgment for National Union and AIG. Accordingly, we affirm.

**AFFIRMED**.