**Ray BENSON and Maria Helena Campos, Plaintiffs,**

**v.**

**QBE INSURANCE CORP., Defendants.**

**Case No. 14–cv–22384–UU.**

United States District Court, S.D. Florida.

Signed Nov. 21, 2014.

Andrea Lee Defield, Ver Ploeg and Lumpkin, Jupiter, FL, Meghan Chandler Moore, Richard Hugh Lumpkin, William Allen Bonner, Ver Ploeg & Lumpkin, Miami, FL, for Plaintiffs.

Jeffrey Michael Cohen, Steven Jeffrey Brodie, Todd Matthew Fuller, Carlton Fields Jorden Burt, Miami, FL, for Defendants.

### ORDER

URSULA UNGARO, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss. D.E. 24.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. The motion has been full briefed, and is ripe for determination.

### BACKGROUND

The following are the facts as alleged and interpreted in the light most favorable to the plaintiffs. Plaintiffs formerly owned units in the Buckley Towers condominium complex ("Buckley Towers") and were members of the Buckley Towers Condominium Association ("the Association"). Complaint, ¶¶ 1, 2, 7, 8. From May 1, 2005, to May 1, 2006, QBE Insurance Corp. ("QBE") provided windstorm insurance to the Association. *Id.* at ¶¶ 7, 11, 12.

On October 24, 2005, Hurricane Wilma struck South Florida and caused substantial damage to Buckley Towers. *Id.* at ¶¶ 17, 21. Specifically, the storm caused substantial leaking and damage to water pipes, windows, doors and electrical wires, which brought about mold and a rodent infestation. *Id.* at ¶ 70. The storm also rendered the elevators and air conditioning units inoperable and caused damage to the pool deck, gym and parking lot. *Id.*

The Association timely reported the damage to QBE and requested that QBE promptly process its claim. *Id.* at ¶ 21. But according to Plaintiffs, QBE was purposefully intimidating and dilatory in processing the Association's claim. *Id.* at ¶¶ 25, 26. On November 16, 2007, the Association, which had yet to receive any insurance proceeds, filed suit against QBE to recover on the policy. *Id.* at ¶ 58. A jury trial concluded on February 18, 2009, and the jury returned a verdict in favor of the Association for $19,379,431.00.[1] *Id.* at ¶¶ 62–65. Following the verdict, in November of 2009, the Association filed bad faith claims against QBE under Fla. Stat. § 624.155(1). *Id.* at ¶ 66. On January 26, 2012, QBE settled those claims with the Association. *Id.* at ¶ 68. However, due to QBE's dilatory practices, Plaintiffs had already abandoned their uninhabitable and unmarketable units, which were later foreclosed upon. *Id.* at ¶¶ 70, 71, 76, 80.

Plaintiffs now bring their own bad faith claims against QBE under Fla. Stat. § 624.155(1). *Id.* at ¶ 20. Specifically, they allege that QBE violated Section 624.155(1)(a) and (b) by: (1) failing to attempt to settle claims that should have been settled had QBE acted fairly towards the Association; (2) failing to adopt or implement standards to investigate claims;

---

1. The judgment was reduced to $12,035,449.00 on March 28, 2011, after being partially reversed on appeal.

(3) failing to act promptly with respect to claims; (4) failing to provide reasonable explanation of its denying claims and settlement offers; (5) failing to promptly notify the Association of information necessary for the processing of its claims; (6) failing to adequately explain the nature of the information it requested from the Association; and (7) misrepresenting its obligations to the Association. QBE filed its Answer on July 30, 2014, and on August 22, 2014, the parties jointly moved to bifurcate issues of standing and release of claims from the other issues presented. D.E. 11 and 14. The Court denied the parties' motion to bifurcate, but requested early briefing on the issue of standing. D.E. 17. QBE now moves to dismiss.

## LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court considers only the four corners of the complaint, along with any documents attached to the complaint or incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). Factual allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Edwards v. Prime Inc.,* 602 F.3d 1276, 1291 (11th Cir.2010). The Court does not view each allegation in isolation, but rather considers the complaint in its entirety. *Tellabs, Inc.,* 551 U.S. at 322, 127 S.Ct. 2499. Conclusory allegations will not suffice to state a claim; the complaint must allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("[T]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face."). This means that the factual content of the complaint must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S.Ct. 1937. Or to put it differently, "[d]ismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards,* 602 F.3d at 1291 (quoting *Rivell v. Private Health Care Systems, Inc.,* 520 F.3d 1308, 1309 (11th Cir.2008)).

## ANALYSIS

QBE moves to dismiss for failure to state a claim and because the Association previously released Plaintiffs' claims. The Court considers each argument in turn.

*Failure to State a Claim*

Fla. Stat. § 624.155(1) provides that "[a]ny person · may bring a civil action against an insurer when such person is damaged" by the insurer's violating certain specified provisions of Florida's insurance code or by the insurer's commission of certain other specified conduct. Fla. Stat. § 624.155(1). In moving to dismiss Plaintiffs' claims, QBE argues that Plaintiffs are not entitled to relief under Fla. Stat. § 624.155(1) because they fail to allege any damages and because they were never insured by QBE. Neither argument persuades.[2]

First, Plaintiffs plainly allege damages caused by QBE's dilatory processing of the Association's insurance claim, notwithstanding that Plaintiffs were not themselves insured. And second, the civil remedy provision of Florida's insurance code is not strictly limited to insureds.

QBE argues that Plaintiffs do not come within the term "any person" be-

---

**2.** While QBE also moves to dismiss a claim based on Florida Administrative Code Rule

69B–220.201, it is undisputed that Plaintiffs bring no such claim.

cause they were never insured by QBE. But Florida's insurance code defines a "person" as "an individual, insurer, company, association, organization, Lloyds, society, reciprocal insurer or interinsurance exchange, partnership, syndicate, business trust, corporation, agent, general agent, broker, service representative, adjuster, and every legal entity." Fla. Stat. § 624.04. And the Florida Supreme Court has determined that the term "any person" is "precise" and that its meaning is "unequivocal"; "[b]y choosing this wording the legislature has evidenced its desire that all persons be allowed to bring civil suit when they have been damaged by enumerated acts of the insurer." [3] *Auto–Owners Ins. Co. v. Conquest,* 658 So.2d 928, 929 (Fla.1995) ("Since the legislature has not prohibited third-party actions under the Code we are bound by that legislative determination."). Accordingly, Plaintiffs come within the term "any person."

*Release of Claims*

QBE alternatively argues that the Association released Plaintiffs' claims when it settled its own bad faith claim against QBE. However, in support of this argument, QBE relies on the language of both the condominium agreement between Plaintiffs and the Association and the settlement agreement between the Association and QBE. And because neither of those documents formed part of the pleadings, QBE's motion to dismiss would be converted into a motion for summary judgment were the Court to take up this issue. *Jones v. Auto. Ins. Co. of Hartford, Conn.,* 917 F.2d 1528, 1532 (11th Cir.1990). But this would require the Court to afford Plaintiffs notice of the conversion and an opportunity to supplement the record. *Id.* And because the defense of release, unlike the issue of standing, is not a preliminary issue, the Court will deny without prejudice QBE's argument and defer this issue to the summary judgment stage.

**CONCLUSION**

In accordance with the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss, (D.E. 24), is DENIED.

---

**3.** The Court gave effect to the plain meaning of "any person" notwithstanding that permitting uninsured persons to sue insurers for violations of Florida's insurance code would produce undesirable social and economic results, such as "multiple litigation, unwarranted bad faith claims, coercive settlements, excessive jury awards, and escalating insurance, legal and other 'transaction' costs." *Id.* at 930.